In this civilian pay case, plaintiff William Schnakenberg was employed by the Drug Enforcement Agency (DEA) until his removal for misconduct in March 1977. On appeal to the Federal Employee Appeals Authority (FEAA), three charges (two involving unauthorized use of a Government vehicle; one involving forcing another person to commit sodomy) were sustained. Because plaintiffs removal was neither an abuse of discretion, arbitrary, capricious, nor unsupported by substantial evidence, we uphold his removal.
Schnakenberg served with the New York Regional Office of the DEA. While on an assigned detail in Southhampton, New York, he was involved in a series of incidents which led to his dismissal. Although originally eight charges were levied against plaintiff, six served as the basis for his removal on March 18, 1977. He appealed to the FEAA and a two-day hearing was held in June 1977. The Appeals Officer affirmed the removal action, sustaining three of the charges. Two of these charges involved unauthorized use of an official Government vehicle, while the third charge was one of forcing another person to commit sodomy. Schnakenberg now petitions this court, arguing that the agency determination was not supported by substantial evidence, that the sanction of removal was too harsh, and that certain procedural errors were committed.
First and foremost, we turn to plaintiffs allegations concerning lack of substantial evidence. An administrative determination cannot stand if not supported by substantial evidence. Nibali v. United States, 218 Ct.Cl. 547, 551, 589 *698 F.2d 514, 516 (1978); Wathen v. United States, 208 Ct.Cl. 342, 351, 527 F.2d 1191, 1197 (1975), cert. denied 429 U.S. 821 (1976); Boyle v. United States, 207 Ct.Cl. 27, 34, 515 F.2d 1397, 1401 (1975). However, we will not disturb the agency decision if supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion,” Consolidated Edison Company v. N.L.R.B., 305 U.S. 197, 229 (1938), even though we may have reached a different conclusion ourselves.[1]
Schnakenberg admits that he was not authorized to use the cars in the manner that he did, thus limiting his substantial evidence argument to the much more serious charge of forcible sodomy. Plaintiff and a woman went to the beach one evening following their meeting in a bar earlier that day. The woman alleges that plaintiff forced her to commit sodomy; plaintiff counters that although there was some physical contact, it was not sodomy and, more importantly, was not forced. There are no witnesses to what happened; both Schnakenberg and the woman tell different stories, and the case depends upon which person is believed.
The Appeals Officer believed the woman, thus finding that forcible sodomy had been committed. Plaintiff has pointed out several inconsistencies in her statements at various times. They involve: the purpose of the visit to the beach; whether the woman had been previously arrested; and whether Schnakenberg had used force in removing her clothes. However, the Appeals Officer also noted that plaintiffs activities subsequent to the "incident” were inconsistent with his version of what happened. Furthermore, upon being dropped off at her home by plaintiff, the woman immediately related her version of what had happened to her roommates. She then went to the police station and gave a statement of her version of the incident; at the time she was quite agitated. She later attributed inconsistencies between this statement and her official testimony to her highly emotional state while giving the statement, only one hour after being brought home by plaintiff.
*699 Plaintiffs description of the woman as one "out to get money from him” does not conform with her actions of promptly going to the police and, more importantly, subjecting herself voluntarily to a two-day hearing.[2] The Appeals Officer who heard both versions of what happened during a two-day hearing, believed the woman, not plaintiff. In Nibali v. United States, 210 Ct.Cl. 689 (1976), this court was confronted with a similar situation — which of two conflicting versions of events was to be believed. In that case, the Civil Service Commission did not have the benefit of oral testimony as to one of the conflicting versions. Noting the importance of demeanor and personal observation of witnesses in such situations, the court remanded the case for further proceedings in our trial division.[3] We hold, upon the record before us, that a reasonable trier of fact, hearing both versions of what happened on the beach, could have found the woman’s story more believable than plaintiffs. The triers of fact did so find. Since the decision is supported by substantial evidence, we will not disturb it.
Plaintiff also argues that his removal does not promote the efficiency of the DEA and therefore cannot stand. He says his discharge is too harsh a punishment. See Masino v. United States, 218 Ct.Cl. 531, 589 F.2d 1048 (1978); Young v. Hampton, 568 F.2d 1253 (7th Cir. 1977). A sufficient nexus between the employee conduct and the disciplinary action taken may be found where the nature of the misconduct is so egregious that it "speaks for itself.” Masino, supra, 589 F.2d at 1055; Young, supra, 568 F.2d at 1257. The use of force in oral sodomy is so egregious as to fall within this category. It is not, as plaintiff contends, a mere "immoral act,” but rather an outrageous use of force. It is the force which is controlling here.[4] Plaintiffs removal was neither arbitrary nor capricious, and clearly did not *700 constitute an abuse of agency discretion. How can we say that the DEA has punished a law enforcement agent too severely when they discharge him for such an egregious act of force? See Masino, supra.
Even assuming, arguendo, plaintiffs allegations of procedural error to be true, we find none to be serious enough to invalidate his removal.[5]
We therefore hold that the charge of forcible sodomy is supported by substantial evidence, that the required nexus to uphold plaintiffs removal in this case is found in the use of force which "speaks for itself,” and that no serious procedural error has been committed.
Accordingly, it is therefore ordered, upon careful consideration of all the parties’ submissions, and after oral argument, that defendant’s motion for summary judgment is granted. Plaintiffs cross-motion for summary judgment is denied, and the petition is dismissed.

 See Koppers Co. v. United States, 186 Ct.Cl. 142, 149, 405 F.2d 554, 559 (1968) (substantial evidence can support either of two contrary findings, but only one finding can have a preponderance).

 The Federal Employee Appeals Authority had no subpoena power. 5 C.F.R. §772.307 (1978).

 The case has now been finally decided and appears at 218 Ct.Cl. 547, 589 F.2d 514 (1978). Although on remand the trial judge was unable to resolve the credibility issue on the basis of the witnesses’ demeanor, this does not undermine the importance of personal observation of witnesses.

 Because we decide the charge of forcible sodomy is enough to sustain plaintiffs removal, we need not discuss the nexus issue as it relates to the two charges of unauthorized use of Government vehicles.

 See Pascal v. United States, 211 Ct.Cl. 183, 189, 543 F.2d 1284, 1288 (1976) (procedural error must substantially affect plaintiffs rights to invalidate agency action).