On April 20, 1979 the court entered the following order:
*643 Before Friedman, Chief Judge, Cowen, Senior Judge, and Bennett, Judge.
This case, before the court on cross-motions for summary-judgment, involves a claim by plaintiff for back pay and reinstatement to his job with the Government Printing Office (GPO) from which he was discharged on August 24, 1976, "to promote the efficiency of the service.” His removal was prompted by his arrest for allegedly selling heroin to an undercover District of Columbia police officer on GPO premises. The petition alleges that the facts and procedures used to effect his removal were not supported by the evidence. We hold for defendant.
Plaintiff made an administrative appeal of his dismissal and a hearing was held before the Federal Employee Appeals Authority (FEAA) on July 21, 1977. On August 13, 1977, the FEAA, in a written decision, sustained the agency. Plaintiff was represented by counsel at the hearing but he did not testify, relying instead on an affidavit declaring his innocence. The police officer did testify and swore that he purchased heroin from plaintiff. The hearing officer believed the testimony of the officer and sustained the removal as supported by the record, as not arbitrary, capricious, or unreasonable, and as complying with applicable procedural regulations. Plaintiff made no further administrative appeals. He filed suit on July 28, 1978.
Plaintiff has attempted to make a point out of some confusion at the hearing concerning the date upon which the police officer started to work at the GPO as an undercover agent. But, there is no confusion about the date he made the "buy” or arrested plaintiff. We find no evidence to overcome the credibility of the police officer or the presumption of good faith in the discretionary action of the agency in taking an adverse action against plaintiff for misconduct. There is no legal error in the determination of the hearing officer on administrative appeal. Both the agency decision and that of the hearing officer had a rational basis. The decisions were not arbitrary or capricious. The standard of proof to support an adverse action is not as heavy as in a criminal case where the evidence must be such as to leave no reasonable doubt of the commission of the charged offense by the accused. Plaintiff was not convicted on any criminal charge arising from this *644 incident. But, it was held sufficient that there be substantial credible evidence to persuade a reasonably prudent individual that the misconduct of plaintiff took place, that dismissal would improve the efficiency of the service, and that it was an action taken in good faith and not in violation of any applicable statute or regulation. In some cases, as here, a sufficient nexus between the employee conduct and the disciplinary employment action taken may be found where the nature of the misconduct is so egregious that "it speaks for itself.” We conclude that the action taken against plaintiff met these tests and the standard of reasonableness. Schnakenberg v. United States, 219 Ct. Cl. 697 (1979); Masino v. United States, 218 Ct. Cl. 531, 589 F. 2d 1048 (1978); Wathen v. United States, 208 Ct.Cl. 342, 527 F. 2d 1191 (1975), cert. denied, 429 U.S. 821 (1976).
Upon consideration of the pleadings, motions, briefs, oral argument, and the authorities cited,
it is ordered that plaintiffs motion for summary judgment is denied and that defendant’s cross-motion for summary judgment is granted. The petition is dismissed.