Civilian pay; dismissal; theft and destruction of Government property; harmless procedural error; admission against interest; corroboration; penalty v. offense; weight accorded to trier of facts. — On February 1, 1980 the court entered the following order:
Before Kashiwa, Judge, Presiding, Kunzig and Bennett, Judges.
Plaintiff, a former civilian, nonveteran, career employee of the Department of Defense Depot at Tracy, California, sues for back pay and reinstatement to his position as a pest controller, from which position he was removed on October 26, 1976. After an investigation by defendant, plaintiff was given notice on September 10, 1976, of his proposed removal. The notice set forth two grounds, as follows:
"Specifically, the charges are:
"a. Theft of Government Property: In your sworn statement to Special Agent Landreth on 25 June 1976, you admitted that you have stolen one case of pork chops and one case of hams from various warehouses.
*601 "b. Destruction of Government Property: On 23 June 1976, you cleaned up the fumigation chamber and removed the stolen government items, including pork chops, coffee, pickles, mustard, and tea bags. You disposed of those items by putting them in a dumpster near Warehouse 7.”
By letter of October 6, 1976, plaintiff replied to the charges through his attorney and denied them. Two days later he made an oral denial of the charges to Commander Jack Sorenson, the official who thereafter removed him.
Plaintiff appealed his removal to the Federal Employee Appeals Authority (FEAA) and was accorded a hearing in February 1977 at which he was again represented by legal counsel. In his decision of June 8, 1977, the appeals officer held that the agency had complied with the provisions of FPM Supp. 752-1, S4-1, in that "for all practical purposes the information relied on to support the advance notice was made available to appellant,” that all procedural requirements of Civil Service regulations had been complied with, and that the charge of theft was sustained by a preponderance of the evidence, including plaintiffs sworn, voluntary confession that in 1976 he stole a case of pork chops and a case of hams, some of which were eaten at a retirement party and the rest eaten or given away to friends. (A case is 24 5-pound cans.) The charge of destruction of Government property was also sustained except as to the destruction of pickles and mustard. Supporting facts establishing the preponderance of evidence regarding destruction of property are plaintiffs admissions that he transported the coffee and that stolen food was found at plaintiffs work place and in dumpsters where he had put it. As to each charge, the appeals officer balanced plaintiffs denial of the charges against his prior admission, also under oath, that he stole the food. The appeals officer said:
"We find the admission to be the more credible of the two, inasmuch as the denial was made after appellant was faced with the loss of his job.”
Finally, the appeals officer found the removal penalty to be legally correct and for such cause as would promote the efficiency of the service. Plaintiff brought this suit on November 27, 1978, having exhausted all administrative remedies.
*602 Plaintiff challenges his removal as procedurally improper, alleging that the adverse action was based, in part, on some information not furnished to him although he requested it, and that his confession to the theft was involuntary in that it was induced by deceptive and coercive tactics of the investigators. On the merits he makes the same allegations and proclaims his innocence.
Some information developed during the investigation concerned statements or reports by or about other employees. This information was deleted from that furnished to plaintiff, presumably on the grounds that it was privileged under the Privacy Act, 5 U.S.C. § 552(a) (1976), and could not, for that reason, be released to plaintiff. All other information in defendant’s possession which implicated plaintiff was furnished to him. FPM 752-1, S4-1, requires that material relied on to support the reasons stated in the advance notice of removal must be made available to the employee.
At the hearing before the FEAA, the deciding official, Commander Sorenson, the personnel officer, the two investigators, and plaintiff all testified. The four Government witnesses were cross-examined as to information within their personal knowledge. Sorenson testified that the document of dispositive or key significance to him was the "[s]worn statement by the accused that he did take in fact the items alleged.” At the appellate hearing the appeals officer accepted an oral stipulation by both parties that the reports of the investigation, including statements by co-workers involving plaintiff, would not be a part of the evidence used against plaintiff. Thus, the possibility of prejudice to plaintiff on this issue was not before the appellate body which considered plaintiffs case de novo. Whether Sorenson considered any information he should not have is ambiguous on the record. If he did, it was harmless error because his decision was not based on it. Haynes v. United States, 190 Ct. Cl. 9, 418 F. 2d 1380 (1969). We find that information adequate to support the advance notice was given to plaintiff and was the basis of his removal, that his procedural and substantive rights were not violated, and that the removal did not offend any regulations, statutes, or the Constitution.
Plaintiff, however, also contends that the FEAA decision is not supported by substantial evidence because his *603 written admission of theft is fatally flawed and should have been excluded because it was uncorroborated and it was involuntary. Plaintiff cites us no authority in civil cases, such as this one, as opposed to criminal cases, to show that an admission against interest requires corroboration, and we know of none. Since we deal here with substantial evidence and not a standard of proof beyond reasonable doubt, we hold corroboration nonessential on the facts of this case. The presumption of correctness of the administrative action taken has not been overcome.
The only evidence to support the alleged involuntary nature of plaintiffs admission of guilt is plaintiffs own testimony. He claimed that the defendant’s investigators were overbearing in manner. He said one investigator pounded his fist on the table and told him they had evidence sufficient to send him to prison and that they put words in his mouth. However, plaintiff also testified, and the record shows, that the investigators informed him of his fifth amendment rights and that he signed his statement four times, twice on each page of the two-page admission. The statement is in plaintiffs own handwriting but its contents incorporate suggestions of defendant’s investigators. That statement recites that plaintiff agreed to cooperate "freely and voluntarily” with "no threats having been made or promises extended.” Plaintiffs then counsel also admitted plaintiff was informed of his fifth amendment rights before he signed the statement, although he argued the warning was vitiated by promises of leniency. The FEAA found that plaintiff was indeed given Miranda warnings before he was interviewed by the investigators but was not given any promises, that he signed a statement showing he understood those warnings, that he understood making a false statement was a crime, that when he signed a statement using the word "stolen” he did so voluntarily and with full awareness of its meaning, and that the charges were supported by a preponderance of the evidence. We adhere to the well-established rule that the findings of the trier of the facts whose responsibility it was to weigh the evidence, to hear and see the witnesses and to judge their credibility, and to observe their demeanor and responses under oath and on cross-examination should be sustained, absent serious *604 prejudicial abuse of discretion, where there is substantial credible evidence and a rational basis to support the findings. Eberlein v. United States, 257 U.S. 82 (1921); Strothers v. United States, 220 Ct.Cl. 642 (1979); Schnakenberg v. United States, 219 Ct.Cl. 697 (1979); Masino v. United States, 218 Ct. Cl. 531, 589 F. 2d 1048 (1978); Saracena v. United States, 206 Ct. Cl. 90, 508 F. 2d 1333 (1975); Haynes v. United States, supra.
Finally, plaintiff challenges the penalty imposed and correctly points out that for a first offense of destruction of property, removal is not allowed under the regulations. It is permissible for theft, however, and the hearing officer found "the agency has uniformly applied the penalty of removal to theft cases.” The policy of removal for theft was well publicized in newsletters given to employees. Additionally, however, defendant’s reply brief quotes a regulation that the agency had authority to remove plaintiff for committing multiple offenses, any one of which would not, in and of itself, justify removal. Here there are proven unrelated offenses, theft, and the destruction of Government property. The regulation quoted is represented to be in an exhibit in the case. We do not find it and do not rest our decision on it. There was no error in the penalty imposed, however, since it is provided for in the Standard Table of Offenses and Penalties and since we have concluded that the plaintiffs removal was procedurally and substantially proper, supported by substantial evidence, and with a rational basis for the adverse action taken and sustained on administrative review.
it is therefore ordered, upon consideration of the pleadings, motions, briefs, administrative record, and oral argument, that defendant’s motion for summary judgment is granted, plaintiffs cross-motion is denied, and the petition is dismissed.