Loyce E. HAYES, Petitioner,

v.

DEPARTMENT OF THE NAVY, Respondent.

Appeal No. 83–1210.

United States Court of Appeals, Federal Circuit.

Feb. 9, 1984.

Albert J. Ahern, Jr., Bailey's Crossroads, Va., argued for petitioner.

Robert A. Reutershan, Washington, D.C., argued for respondent. With him on the brief were J. Paul McGrath, Asst. Atty. Gen., David M. Cohen, Director, Washington, D.C., and Naomi J. Miske, Alexandria, Va.

Before BENNETT, MILLER and SMITH, Circuit Judges.

BENNETT, Circuit Judge.

This is an appeal from a final order of the Merit Systems Protection Board (MSPB or board), No. DC 07528110859, 83 FMSR ¶ 5129, in the matter of *Hayes v. Department of the Navy*. On review, the MSPB affirmed the January 20, 1982 decision of the presiding official, Washington Regional Office, sustaining petitioner's discharge by the Department of the Navy (agency) from the position of Mechanical Planner-Estimator, effective September 17, 1981. We *affirm*.

OPINION

On July 28, 1981, petitioner received two letters from his superior. One letter proposed his removal for "Off Duty Criminal Conduct Adversely Affecting the Employee/Employer Relationship." The specification for this charge was that petitioner had been tried and found guilty by a state court in Manassas, Virginia, on February 9, 1981, of assault and battery "on or about 22 January 1981." The crime took place while petitioner was off-duty, and the victim was a female child 10 years of age. For this offense petitioner received a 90-day jail sentence (suspended) and paid court costs. From management's point of view, removal was necessary because, as stated in the July 28 notice, petitioner's duties and responsibilities required him to have virtually uncontrolled access to housing facilities occupied by military dependents and to buildings and grounds in and around the Washington Navy Yard and Anacostia Naval Base.

The second letter dated July 28, 1981, placed petitioner in a nonduty status pending action on a proposal to place him on emergency suspension, followed by removal, because of alleged indecent and unlawful sexual molestation of the child. The reason in support of the specification was the same as for the proposed removal. Petitioner submitted both oral and written replies to the charges.

On September 8, 1981, Navy Captain M.C. Mlekush prepared a memorandum for the record which reflected in detail his conversation with Mr. Hayes, his attorney, and with the prosecuting attorney as to their respective versions of the incident which gave rise to the criminal charges and the proposed removal action. The memorandum also noted that Mr. Hayes had a prior felony conviction for arson. Three days later Captain Mlekush made his decision to remove petitioner but did not implement the proposed suspension. The removal soon followed, as already noted. Appellant exhausted his appeal remedies before the agency. The agency sustained the removal charge as being supported by the weight of

the evidence and as being necessary for the efficiency of the service.

A hearing before the MSPB presiding official followed on December 1, 1981. Petitioner was represented by legal counsel. There were eight witnesses, including petitioner. The lawyer for Mr. Hayes said in his opening statement:

> I believe the incident in question happened on 10 January, not 22 January, but that is just a minor point. I think what is important, Mr. Hayes—there's one basic fact here that is true. Mr. Hayes was found guilty in Prince William County Juvenile Domestic Relations, General District Court, of assault and battery.

Counsel proceeded to assert the innocence of his client notwithstanding his conviction and to point out that he had received a light sentence (said to have arisen from lack of corroborating evidence of guilt) and that he was divorced but had custody of his two minor children. He also argued that the penalty of removal was excessive. Petitioner presented four friends as character witnesses and testified himself in favor of mitigation of the removal penalty. Three agency officials supported the agency action. The appeal was unavailing. The presiding official placed emphasis on petitioner's almost unlimited access to housing facilities where children reside, and the agency's loss of confidence in petitioner's ability to perform his duties lawfully. The penalty of removal was found to be within the agency's Table of Penalties. Although petitioner had eight years of satisfactory government service, including four years with the Navy, this was held not to make removal unreasonable in view of the offense. Testimony of friends and neighbors was discounted because of the conviction.

We turn next to petitioner's challenges to the MSPB decisions which affirmed the agency action.

This court's scope of review of MSPB decisions is defined and limited by statute. 5 U.S.C. § 7703(c) (1982). The agency's action in this case must be affirmed unless it is found to be—

1. arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;

2. obtained without procedures required by law, rule or regulation having been followed; or

3. unsupported by substantial evidence.

In applying these criteria, the court recognizes that it should not try to place itself in the shoes of the agency and second-guess it. Agencies are vested by law with the discretionary authority and responsibility to determine what is necessary for their efficiency in discharging the missions assigned to them by Congress, 5 U.S.C. § 7513(a) (1982), and this must be determined on the merits of each individual case. No appellate court has the institutional competence or authority to find facts to determine what is for the efficiency of the service. Only the finder of the facts can do so. *Green v. United States,* 650 F.2d 285, 222 Ct.Cl. 600 (1980). A presumption of good faith attends agency action. *Gaskins v. United States,* 652 F.2d 70, 227 Ct.Cl. 563 (1981). There are hundreds of these agencies, and together they make hundreds of personnel decisions, sometimes thousands, on a daily basis. "The federal court is not the appropriate forum in which to review the multitude of personnel decisions that are made daily by public agencies." *Bishop v. Wood,* 426 U.S. 341, 349, 96 S.Ct. 2074, 2079, 48 L.Ed.2d 684 (1976). We discharge our own duty when we apply section 7703 to review an MSPB decision regarding an adverse agency action to determine whether the contested decision complies with the applicable statute and regulations and whether it has a rational basis supported by substantial evidence from the record taken as a whole. The record need only disclose such relevant evidence as might be accepted by a reasonable mind as adequate to support the conclusion reached. *Weston v. HUD,* 724 F.2d 943 at 948–949 (Fed.Cir. 1983). This has been our consistent view and that of our predecessor, the United States Court of Claims, for many years, both before and after the Civil Service Reform Act of 1978, Pub.L. No. 95–454, 92

Stat. 1111, and the Federal Courts Improvement Act of 1982, Pub.L. No. 97–164, 96 Stat. 25.[1]

### Due Process

Petitioner now alleges, for the first time, a denial of procedural and substantive due process because the notice of proposed action for his removal referred to improper and felonious conduct said to have taken place on January 22, 1981, that he went to the hearing on December 1, 1981, with this understanding but that the agency offered no evidence with respect to any misconduct on that date, that he was in fact convicted for assault and battery for an offense on January 10, 1981, and that this was the only evidence introduced against him before the MSPB. He further charges that the MSPB, in fact, also relied on a hearsay document not put into evidence, namely, the agency investigation report which described the character of his assault on the child. This document is said to have contained documentary evidence unrelated to anything that happened on January 22 and that he is thus prejudiced thereby.

■ Of course, 5 U.S.C. § 7503 (1982) does require that the agency state in its notice the reasons for the proposed action and provides an opportunity for oral and written replies, as well as representation by counsel. There is no doubt but that it did so in the present case. The specific date of the offense charged appears to have been a little off target. Yet, the notice said "on or about 22 January 1981." It can be argued that January 10 is "on or about" that date. Petitioner's counsel at the hearing, however, made no issue of the date, saying that it was only a "minor point," a view present counsel for petitioner disavows. Yet, it is clear to us that petitioner knew what

charge he had to defend. The error, if any, was harmless and the MSPB so found. It was petitioner's burden to demonstrate otherwise, and he has not met it. 5 U.S.C. § 7701(c)(2)(A) (1982), 5 C.F.R. § 1201.-56(c)(3) (1982). His conviction was admitted at the hearing before the MSPB presiding official. The petitioner had ample notice of the removal charge and had an opportunity to respond thereto, both at the agency level and before the MSPB. He never did allege that he did not know what the charge and specification covered.

■ As to the objection to hearsay, it has long been settled that it may be used in administrative proceedings and may be treated as substantial evidence, even without corroboration, if, to a reasonable mind, the circumstances are such as to lend it credence.[2]

In this case, it was not error for the board to consider all of the record from the agency for yet another reason. It is provided by 5 U.S.C. § 7513(e) that when the appeal is filed with the MSPB—

Copies of the notice of proposed action, the answer of the employee when written, a summary thereof when made orally, the notice of decision and reasons therefor ... together with any supporting material ... shall be furnished to the Board upon its request and to the employee affected upon the employee's request.

■ Under its statutory authority to prescribe regulations, the MSPB requires agencies to submit for its consideration the documents specified above, 5 C.F.R. § 1201.-25(a). Further, 5 C.F.R. § 1201.54 provides that "all papers" filed in the proceedings shall constitute the "exclusive and official

1. *Fucik v. United States*, 655 F.2d 1089, 228 Ct.Cl. 379 (1981); *Brewer v. United States*, 647 F.2d 1093, 227 Ct.Cl. 276 (1981), *cert. denied*, 454 U.S. 1144, 102 S.Ct. 1005, 71 L.Ed.2d 296 (1982); *Tucker v. United States*, 624 F.2d 1029, 224 Ct.Cl. 266 (1980); *Masino v. United States*, 589 F.2d 1048, 218 Ct.Cl. 531 (1978); *Urbina v. United States*, 530 F.2d 1387, 209 Ct.Cl. 192 (1976); *Barron v. United States*, Ct.Cl. No. 408–81 (order, July 23, 1982); *Swanson v. United States*, 218 Ct.Cl. 755 (1978). *See also*

*Wathen v. United States*, 527 F.2d 1191, 208 Ct.Cl. 342 (1975), *cert. denied*, 429 U.S. 821, 97 S.Ct. 69, 50 L.Ed.2d 82 (1976).

2. *Richardson v. Perales*, 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971); *Diggin v. United States*, 661 F.2d 174, 228 Ct.Cl. 578 (1981); *Brewer v. United States*, 647 F.2d at 1097–98; *Duvall v. United States*, 647 F.2d 131, 227 Ct.Cl. 245 (1981); *Schaefer v. United States*, 633 F.2d 945, 224 Ct.Cl. 541 (1980).

record." The Navy submitted its complete file in accordance with these requirements. As provided by law, petitioner was advised of his right, upon request, to have copies of the administrative file. He was told this in the letter proposing his removal. His objection that these materials were not only hearsay, but were highly prejudicial, confusing, misleading, and inflammatory as they related to the investigation, arrest, indictment, and ultimate conviction, is, therefore, not on a sound legal foundation.

There is no merit to petitioner's due process argument, and we reject it. Although improperly raised out of time and place, we have elected to address the argument in this case because it is one based on the Constitution.

### Nexus

Petitioner next attacks the MSPB's affirmance of his removal by claiming a lack of vital nexus between his conviction for an off-duty crime and the performance of his duty. Therefore, he argues that his removal was not justified or legally proper, citing *Phillips v. Bergland,* 586 F.2d 1007 (4th Cir.1978). The *Phillips* case does not help petitioner. In that case the employee was restored to his position, from which he had been removed because of an off-duty assault upon a fellow adult employee after some provocation. The facts are not comparable and each such case must turn on its individual facts. There was no criminal conviction in *Phillips,* as there was here. The Fourth Circuit has approved a presumption of nexus in egregious circumstances (falsification of records, theft, assault at work, insubordination), which it did not feel existed in *Phillips, id.* at 1011. *Cf. Stalans v. National Security Agency,* 678 F.2d 482 (4th Cir.1982) (sexual molestation). The law of this court is the same, and where a crime is believed to be involved

which is so egregious that "it speaks for itself," the United States Court of Claims, by whose precedents we are bound, *South Corp. v. United States,* 690 F.2d 1368, 1370–71 (Fed.Cir.1982), has not hesitated to conclude there is a rational basis for the agency to find the necessary connection between the employee conduct and the disciplinary employment action taken for the efficiency of the service.[3]

■ We conclude that the agency's deciding official satisfied the burden to demonstrate by a preponderance of evidence the required connection between petitioner's job-related responsibilities and the offense. The agency was properly concerned about his access to residential housing in connection with his work and the fact that children could be found there. This is a rational basis for its conclusion, made in the exercise of reasonable discretion and good faith. The MSPB presiding official in turn presumed there was a nexus in light of the nature and gravity of the offense and that Mr. Hayes had not overcome that presumption. On review, the MSPB agreed. The court is not the fact finder. It is not our duty to find nexus but rather to decide, under our statutory scope of review in 5 U.S.C. § 7703(c), whether the MSPB affirmance of the agency conclusion on the nexus issue meets the statutory criteria for our affirmance. We hold that it does.

### The Penalty

Petitioner contends that removal from his position, in view of his past good record, was unduly harsh and disproportionate to his misconduct, that the MSPB was in error in not voiding the penalty and restoring him to his position, and that the court should now do what the MSPB refused to do.

---

3. *Masino v. United States,* 589 F.2d 1048, 218 Ct.Cl. 531 (1978) (off-duty use of marijuana by customs officer); *Wathen v. United States,* 527 F.2d 1191, 208 Ct.Cl. 342 (1975), *cert. denied,* 429 U.S. 821, 97 S.Ct. 69, 50 L.Ed.2d 82 (1976) (murder charge); *Holman v. United States,* 383 F.2d 411, 181 Ct.Cl. 1 (1967) (immoral conduct); *Staton v. United States,* 228 Ct.Cl. 797, 804 (1981) (failure to perform duties); *Green v.*

United States, 650 F.2d 600, 222 Ct.Cl. 600 (1980) (theft); *Strothers v. United States,* 218 F.2d 121, 220 Ct.Cl. 642 (1979) (heroin sale); *Wynne v. United States,* 618 F.2d 121, 220 Ct.Cl. 647 (1979) (employee violation of IRS rules of conduct); *Schnakenberg v. United States,* 618 F.2d 120, 219 Ct.Cl. 697 (1979) (sodomy). *See also Gueory v. Hampton,* 510 F.2d 1222 (D.C. Cir.1974) (manslaughter conviction).

It is unchallenged that the MSPB has the authority to mitigate an agency-imposed penalty when it is clearly excessive with respect to the sustained charges, i.e., is arbitrary, capricious or unreasonable or exceeds the agency's Table of Penalties. But, as the MSPB stated in its final decision in this case, "[t]he purpose of our inquiry is not to decide what penalty the Board would choose if it were imposing discipline, but rather to review the agency's exercise of discretion to assure that it is within the bounds of reasonableness." In making such a review of agency action, the MSPB must make sure that the agency considered all factors relevant to the case, such as the authorized range of penalties, the nature of the offense, its relation to the employee's duties, the effect of the offense on the agency's confidence in the employee, and possibly eight additional factors set forth in *Douglas v. Veterans Administration*, 5 MSPB 313 (1981). When the MSPB is satisfied that all relevant factors have been considered by the agency and there has been a responsible balancing of those factors, as occurred here, that ends the matter. As the board also pointed out in *Douglas, id.* at 328, "[m]anagement of the federal work force and maintenance of discipline among its members is not the Board's function. Any margin of discretion available to the Board in reviewing penalties must be exercised with appropriate deference to the primary discretion which has been entrusted to agency management, not to the Board." [Footnote omitted.] This view is confirmed by recent case law.[4]

The court is satisfied that the agency action, as affirmed by the MSPB, had a rational basis, was supported by substantial evidence, was in good faith, and was without an abuse of discretion or in violation of procedures required by law. Accordingly, under our statutory scope of review, 5 U.S.C. § 7703(c), we affirm the MSPB decision.

AFFIRMED.

4. *Weston v. HUD*, 724 F.2d 943 at 949 (Fed.Cir. 1983); *Bonet v. United States Postal Service*, 712 F.2d 213 (5th Cir.1983); *Weiss v. United States Postal Service*, 700 F.2d 754 (1st Cir. 1983); *Brewer v. United States*, 647 F.2d 1093, 227 Ct.Cl. 276 (1981), *cert. denied*, 454 U.S. 1144, 102 S.Ct. 1005, 71 L.Ed.2d 296 (1982); *Mosely v. Department of the Navy*, Ct.Cl. No. 35–80 (order, Dec. 23, 1981).