923 F.2d 870
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Maggie W. DEMPS, Petitioner,
v.
UNITED STATES POSTAL SERVICE, Respondent.
 No. 90-3316.
 United States Court of Appeals, Federal Circuit.
 Nov. 15, 1990.
 
 Before RICH, MAYER and MICHEL, Circuit Judges.
 PER CURIAM.
 
 DECISION
 
 1
 Petitioner Maggie Demps appeals from a decision of the Merit Systems Protection Board (MSPB), No. DA07528910562 (October 19, 1989), which became the Board's final decision on March 13, 1990 when the full Board declined review, dismissing her appeal as untimely. Because she filed late and without valid excuse, we affirm.
 
 DISCUSSION
 
 2
 Petitioner received a notice of adverse action on July 26, 1989, demoting her from her position as Supervisor of Mails to a nonsupervisory position, effective July 29, 1989. On August 4, Demps received a second letter containing additional information about her new position. Pursuant to 5 C.F.R. Sec. 1201.22(b) (1990), Demps was required to file any appeal to the MSPB of this action within 20 days of the effective date of the demotion, i.e., by August 18, 1989. The Board found she was specifically aware of the time limit, having been advised in the July 26 letter that the time limit was 20 days from the effective date of the action, specified in the letter of July 29, 1989. Demps, however, did not file her appeal until August 22, 1989.
 
 
 3
 Demps argues that because the second letter stated that it was to "supersede" the earlier notice, the time for her appeal commenced to run from the date of the second letter, August 4, rather than the effective date of demotion as stated in both letters, July 29. But it is undisputed that the action actually did become effective, in the sense that Demps began working in her new position, on July 29. Nor can we say that the Board's finding that Demps was aware of the time limit was unsupported by substantial evidence.
 
 
 4
 Demps further argues that the August 4 letter could not create an "antecedent effective date." But the Board simply ruled that in the course of providing additional information, the second letter left unchanged and specifically restated the effective date given earlier, July 29. Therefore, that date marks the start of the appeal period.
 
 
 5
 Finally, Demps argues that her late filing should be excused because the two letters were confusing and inaccurate, in that the second letter contained new instructions as to where she should send her appeal. However, the second letter corrected an inaccuracy only in the place for filing an internal Postal Service appeal--the procedures, address and time limits for filing an MSPB appeal were clearly and accurately set forth in the July 26 letter and restated without change in the August 4 document. Moreover, the additional information in the second letter (new work assignment, hours, pay, etc.) had no bearing on Demps' ability to file a timely appeal with the MSPB. In other words, Demps had all the information she needed to file an appeal with the MSPB immediately upon receipt of the July 26 letter. Under these circumstances, we cannot say the Board abused its discretion in rejecting Demps' excuses.
 
 
 6
 Petitioner's various arguments are all without merit, and completely fail to demonstrate that any of the bases of the MSPB's dismissal of the appeal were:
 
 
 7
 (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;
 
 
 8
 (2) obtained without procedures required by law, rule or regulation having been followed; or
 
 
 9
 (3) unsupported by substantial evidence.
 
 
 10
 5 U.S.C. Sec. 7703(c) (1988); Hayes v. Navy, 727 F.2d 1535, 1537 (Fed.Cir.1984). Accordingly, we affirm.