956 F.2d 1173
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Salvador P. AMAGUIN, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 91-3490.
 United States Court of Appeals, Federal Circuit.
 Feb. 11, 1992.
 
 Before RICH, MAYER and CLEVENGER, Circuit Judges.
 DECISION
 PER CURIAM.
 
 
 1
 Salvador P. Amaguin (Mr. Amaguin) appeals from the January 2, 1991 final decision of the Merit Systems Protection Board (Board), Docket No. SE08319110016, dismissing Mr. Amaguin's appeal of an Office of Personnel Management (OPM) decision denying his claim for deferred retirement benefits pursuant to the Civil Service Retirement Act (CSRA) because the Board found that Mr. Amaguin's appeal was untimely filed without good cause. We affirm.
 
 OPINION
 
 2
 On March 6, 1990, OPM issued a reconsideration decision denying Mr. Amaguin's request for deferred retirement benefits. OPM informed Mr. Amaguin that there was a 25-day time limit to appeal the decision to the MSPB. The last day to file a timely appeal would therefore have been Monday, April 2, 1990. Mr. Amaguin filed his appeal to the MSPB by letter dated September 24, 1990. The letter was received by the MSPB on October 12, 1990. Thus, Mr. Amaguin's appeal was filed more than five months after the regulatory deadline.
 
 
 3
 The MSPB acknowledged receipt of the appeal but informed Mr. Amaguin that he would have the burden of proof on the issue of timeliness. Mr. Amaguin failed to submit any explanation regarding the late filing or to request a waiver of the time limit. Accordingly, the MSPB issued its initial decision on January 2, 1991 dismissing Mr. Amaguin's appeal as untimely. The initial decision became final on June 13, 1991 when Mr. Amaguin's petition for review was denied by the full board after it determined that the petition did not meet the criteria for review set forth at 5 C.F.R. § 1201.115 (1991). Mr. Amaguin then appealed the MSPB's final decision to this Court.
 
 
 4
 The regulations promulgated at 5 C.F.R. § 1201.22 (1991) provide, in relevant part, as follows:
 
 
 5
 (b) Time of filing.... An appeal from a final or reconsideration decision that does not set an effective date must be filed within 25 days of the date of the issuance of the decision....
 
 
 6
 (c) Timeliness of Appeals. If a party does not submit an appeal within the time set by statute, regulation, or order of a judge, it will be dismissed as untimely filed unless a good reason for the delay is shown. The judge will provide the party an opportunity to show why the appeal should not be dismissed as untimely.
 
 
 7
 Additionally, it is Mr. Amaguin's burden to establish good cause for his untimely appeal. 5 C.F.R. § 1201.56(a) (1991).
 
 
 8
 Mr. Amaguin failed to submit any evidence that established good cause for the five month delay in filing his appeal. Although Mr. Amaguin submitted several letters during the course of the proceedings asserting that the mails in the Philippines are slow, a review of the correspondence reveals that it is not so slow as to warrant a five month delay.[1]
 
 
 9
 This Court's scope of review of an MSPB decision is limited by statute. 5 U.S.C. § 7703(c). The MSPB decision must be affirmed unless it is arbitrary, capricious, not in accordance with law, obtained without procedures required by rule, law, or regulations, or unsupported by substantial evidence. See, Hayes v. Department of the Navy, 727 F.2d 1535, 1537 (Fed.Cir.1984). Finding no error in the MSPB's decision we affirm.
 
 
 
 [1]
 Based on ten letters or other correspondence from Mr. Amaguin to the various government agencies involved in this case, the average mailing time from the Philippines to the United States was only 11.3 days. Similarly, based on four letters or other correspondence from the government agencies to Mr. Amaguin, the average mailing time from the United States to the Philippines was 13.5 days. The longest mailing time in either direction was 21 days which occurred on only one occasion