989 F.2d 1202
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Roger W. TWEEDY, Petitioner,
v.
DEPARTMENT OF the ARMY, Respondent.
 No. 92-3587.
 United States Court of Appeals, Federal Circuit.
 Feb. 5, 1993.
 
 Before PLAGER, Circuit Judge, EDWARD S. SMITH, Senior Circuit Judge, and RADER, Circuit Judge.
 EDWARD S. SMITH, Senior Circuit Judge.
 
 
 1
 Roger W. Tweedy seeks review of a Merit Systems Protection Board (MSPB) decision that denied his petition for review of the initial decision because the petition did not meet the criteria for review set forth at 5 C.F.R. § 1201.115 (1992).[1] We Affirm.
 
 
 2
 Mr. Tweedy filed an appeal with the MSPB after the Army (the agency) proposed to remove him from his position as a Resource Management Officer at Fort Bragg, North Carolina, for his repeated and continuous failure to follow supervisory direction and a general lack of responsiveness to work requirements. Prior to an adjudication on the merits, the agency and Mr. Tweedy entered into a settlement agreement. The administrative judge incorporated this settlement agreement into her initial decision, and dismissed Mr. Tweedy's appeal on 5 March 1992.[2]
 
 
 3
 On 8 April 1992, Mr. Tweedy petitioned the full board to review the initial decision by the administrative judge. He requested that the full board "review the initial Settlement Agreement and General Release for the purpose to eliminate provision THIRD." The MSPB denied the petition because it did not meet the criteria for review set forth at 5 C.F.R. § 1201.115, and the AJ's initial decision became final.
 
 
 4
 This court's review of MSPB decisions is limited, and the Board's decision must be affirmed unless it is found to be:
 
 
 5
 (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;
 
 
 6
 (2) obtained without procedures required by law, rule, or regulation having been followed; or
 
 
 7
 (3) unsupported by substantial evidence ...[3]
 
 
 8
 In his "petition for review," Mr. Tweedy provides no legal basis for invalidating the board's decision, but asserts that: (1) the agency has breached the settlement agreement; and (2) the agreement was the result of fraud by the agency or mutual mistake because the agency had no intention of abiding by the intent of the settlement. Mr. Tweedy's petition is, in fact, a petition for enforcement and properly should be filed with the regional office that issued the initial decision.[4]
 
 
 9
 The MSPB's denial of Mr. Tweedy's petition is not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. The board's denial is clearly in accordance with applicable law and procedure. The decision of the MSPB is affirmed.
 
 
 
 [1]
 Tweedy v. Department of the Army, No. ATO752920326-I-1 (MSPB July 20, 1992)
 
 
 [2]
 Tweedy v. Department of the Army, No. AT-0752-92-0326-I-1 (MSPB March 5, 1992)
 
 
 [3]
 5 U.S.C. § 7703(c) (1988); Hayes v. Department of the Navy, 727 F.2d 1535, 1537 (Fed.Cir.1984)
 
 
 [4]
 5 C.F.R. § 1201.182 (1992); Stokes v. United States Postal Service, 30 M.S.P.R. 101, 102 (1986)