989 F.2d 1202
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Donna L. YOUNG, Petitioner,
v.
MERIT SYSTEMS PROTECTION BOARD, Respondent.
 No. 92-3543.
 United States Court of Appeals, Federal Circuit.
 Feb. 8, 1993.
 
 Before RICH and PLAGER, Circuit Judges, and COHN[1], District Judge.
 DECISION
 PER CURIAM.
 
 
 1
 Donna L. Young (Ms. Young) petitions for review of the March 2, 1992 decision of the Merit Systems Protection Board (MSPB or Board), Docket No. SF0752920368I1, which became final on July 1, 1992 upon the Board's denial of Ms. Young's petition for review. The Board dismissed Ms. Young's appeal of a Department of the Navy (Agency) decision to remove her because her appeal was untimely filed without good cause. We affirm.
 
 DISCUSSION
 
 2
 Ms. Young was removed from her position with the Agency effective December 20, 1991. Upon notification of her removal, Ms. Young was informed that she could appeal the personnel action to the MSPB, and that such an appeal must be filed within 20 days of the effective date of the action. 5 C.F.R. § 1201.22(b) (1992). However, Ms. Young filed her appeal with the Board on January 14, 1992, five days after the filing period ended.
 
 
 3
 The Board may, in its discretion, waive the filing deadline if the petitioner shows good cause for her untimeliness. 5 C.F.R. § 1201.22(c) (1992). The administrative judge (AJ) found that Ms. Young, despite her explanation that she was suffering from stress and therefore did not understand her appeal rights, failed to establish good cause for her untimely filing because she failed to submit evidence explaining how her illness prevented her from timely filing an appeal or asking some other person to assist her in timely filing an appeal. The AJ found that Ms. Young failed to demonstrate that the delay was caused by circumstances beyond her control. Accordingly, the AJ concluded that Ms. Young did not establish the existence of good cause to warrant a waiver of the time limit and dismissed the appeal as untimely.
 
 
 4
 This Court's scope of review of an MSPB decision is limited by statute. 5 U.S.C. § 7703(c). The MSPB decision must be affirmed unless it is arbitrary, capricious, not in accordance with law, obtained without procedures required by rule, law, or regulations, or unsupported by substantial evidence. See, Hayes v. Department of the Navy, 727 F.2d 1535, 1537 (Fed.Cir.1984). Finding no error in the MSPB's decision we affirm.
 
 
 
 [1]
 The Honorable Avern L. Cohn, United States District Judge for the Eastern District of Michigan, sitting by designation