26 F.3d 140
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Tommy JACKSON, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 94-3094.
 United States Court of Appeals, Federal Circuit.
 May 11, 1994.
 
 Before RICH, MICHEL and CLEVENGER, Circuit Judges.
 RICH, Circuit Judge.
 
 DECISION
 
 1
 Petitioner, Tommy Jackson, (Mr. Jackson), seeks review of the July 16, 1993 initial decision of the Merit Systems Protection Board (MSPB or board), Docket No. DA-0831-93-0336-I-1, dismissing his appeal as barred by the doctrine of res judicata, which became final when the full board denied review on October 27, 1993. We affirm.
 
 DISCUSSION
 
 2
 Upon retirement from the Veterans Administration, Mr. Jackson applied for a retirement annuity and elected to receive an alternative annuity with a lump sum payment together with a lower monthly annuity. When the lump sum payment was disbursed to Mr. Jackson, Federal income tax was withheld. In his initial action, Mr. Jackson asserted that he was provided with insufficient information regarding the tax liabilities. As a remedy, Mr. Jackson sought reimbursement from the Office of Personnel Management (OPM) for the taxes that had been withheld on his lump sum payment. The OPM determined that Mr. Jackson made no showing that the OPM was required to notify annuitants of tax liability. Moreover, his lump sum annuity payment was subject to Federal income tax withholding pursuant to IRS regulations. He went to the board and the OPM decision was affirmed. The Administrative Judge (AJ), in his August 14, 1992 initial decision, noted that Mr. Jackson's appeal was limited to the erroneous and misleading nature of the information regarding his annuity election provided by OPM when he retired. This decision became final on December 11, 1992 when the full board denied Mr. Jackson's petition for review. Mr. Jackson did not seek review of this decision by this court.
 
 
 3
 On March 2, 1993, Mr. Jackson again wrote the OPM alleging that the OPM had given him erroneous and misleading information regarding the lump sum payment. OPM pointed out to Mr. Jackson that this issue had already been litigated and that he had exhausted his appeal rights on that issue. Mr. Jackson filed a petition for review of the OPM decision by the board. The AJ issued an Acknowledgment Order informing Mr. Jackson that the doctrine of res judicata precluded the board from further review. Mr. Jackson was also instructed by the AJ that he had the burden of proof on this issue and the AJ afforded him an opportunity to submit evidence and argument on the issue of res judicata. After review, the AJ dismissed the petition for review as res judicata. Mr. Jackson petitioned the full board for review of the initial decision which was subsequently denied. He then brought the present appeal.
 
 
 4
 This court's scope of review of a board decision is limited by statute. 5 U.S.C. Sec. 7703(c). We must affirm decisions of the board unless they are arbitrary, capricious, not in accordance with law, obtained without procedures required by rule, law, or regulations, or unsupported by substantial evidence. See Hayes v. Department of the Navy, 727 F.2d 1535, 1537 (Fed.Cir.1984). Here, the board informed Mr. Jackson of its concern, afforded him an opportunity to submit evidence and argument. The AJ reviewed the documents provided by Mr. Jackson and determined that the doctrine of res judicata barred Mr. Jackson's current action. Finding no error in the board's decision, we affirm.