70 F.3d 129
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Juanito C. ESLAVA, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 95-3375.
 United States Court of Appeals, Federal Circuit.
 Nov. 8, 1995.
 
 Before LOURIE, CLEVENGER, and SCHALL, Circuit Judges.
 DECISION
 PER CURIAM.
 
 
 1
 Juanito C. Eslava petitions for review of the March 1, 1995 final decision of the Merit Systems Protection Board, Docket No. SE0831940692-I-1, sustaining a decision of the Office of Personnel Management ("OPM"). In its decision, OPM determined that Eslava was not entitled to a retirement annuity under the Civil Service Retirement Act ("CSRA"). Because Eslava has not demonstrated any error in the board's decision, we affirm.
 
 DISCUSSION
 
 2
 In March 1958, Eslava received an indefinite, excepted service appointment as a Clerk-Typist in the Department of the Navy. The Notification of Personnel Action form documenting the appointment indicated that the appointment was not subject to the CSRA. In June 1986, following a series of reassignments and promotions, Eslava took mandatory retirement from the position of Supervisory Supply Technician. He then requested a retirement annuity, which OPM denied on April 5, 1988. OPM determined that Eslava did not have five years creditable service and had not worked in a position covered by the CSRA. Eslava sought reconsideration of the decision, and on April 20, 1989 OPM affirmed its denial of Eslava's application. Eslava appealed to the board.
 
 
 3
 Eslava's appeal to the board was filed more than five years after OPM's reconsideration decision; however, the Administrative Judge ("AJ") found good cause for the untimely filing. On the merits, the AJ found that Eslava received a single, indefinite appointment in the excepted service. The AJ further determined that there was no evidence that Eslava was ever covered by the CSRA. Accordingly, the AJ affirmed OPM's reconsideration decision. The AJ's initial decision became the final decision of the board when it denied Eslava's petition for review. See 5 C.F.R. Sec. 1201.113 (1995). This appeal followed.
 
 
 4
 The scope of our review of a board decision is limited to determining whether it is (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. Sec. 7703(c) (1994). Substantial evidence is "such relevant evidence as might be accepted by a reasonable mind as adequate to support the conclusion reached." Hayes v. Department of the Navy, 727 F.2d 1535, 1537 (Fed.Cir.1984).
 
 
 5
 On appeal, Eslava argues that the board erred in finding that he served pursuant to a single, indefinite appointment in the excepted service. We disagree with Eslava's contention. The board's finding that all of Eslava's service was pursuant to a single, indefinite excepted service appointment is supported by substantial evidence. Eslava's employment records indicated that he was in the excepted service, not the competitive service, throughout his federal employment. There is no evidence that his pay was ever subject to CSRA deductions. In addition, Eslava's employment records consistently indicated that he was not covered by the CSRA, identifying his coverage as "none" or "other." Eslava points to no probative evidence in the record to the contrary.
 
 
 6
 Because the board did not err in finding that Eslava served under a single, indefinite appointment in the excepted service, it also did not err in determining that none of Eslava's service was covered by the CSRA. See Rosete v. Office of Personnel Management, 48 F.3d 514, 519 (Fed.Cir.1995) (OPM may properly exclude indefinite appointments made after January 23, 1955 from CSRA coverage pursuant to 5 C.F.R. Sec. 831.201(a)(13)).
 
 
 7
 We have considered Eslava's remaining arguments, including his contention that the board should have applied 5 U.S.C. Sec. 8338(a), but find them unpersuasive. We therefore affirm the board's decision.