86 F.3d 1174
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Jeffrey WILLIAMS, Petitioner,
v.
UNITED STATES POSTAL SERVICE, Respondent.
 No. 95-3815.
 United States Court of Appeals, Federal Circuit.
 April 8, 1996.
 
 Before MAYER, MICHEL, and BRYSON, Circuit Judges.
 PER CURIAM.
 
 
 1
 Jeffrey Williams petitions for review of the May 31, 1995 initial decision of Merit Systems Protection Board, No. NY0752950523-I-1, dismissing his second appeal challenging his removal from the United States Postal Service because his first appeal was then pending before the full board. The initial decision became final on September 12, 1995, when the board denied Williams's petition for review. We affirm.
 
 
 2
 We review the board's decision within precisely defined statutory limits. See Hayes v. Department of the Navy, 727 F.2d 1535, 1537 (Fed.Cir.1984). We must affirm the board's decision to dismiss Williams's appeal unless it is demonstrated to be: (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c) (1994). Williams has not met this burden.
 
 
 3
 Williams was removed from the Postal Service on February 10, 1995. He appealed his removal to the board's New York office. After the Administrative Judge (AJ) issued an initial decision, affirming the Postal Service's removal, he filed a timely petition for review by the full board. Although the board denied the petition, it reopened the case on its own motion. While Williams's first appeal was pending before the full board, he filed a second appeal challenging his removal. Consequently, the AJ dismissed the second appeal "in the interests of administrative efficiency." See Holloway v. Department of Veterans Affairs, 56 M.S.P.R. 422 (1993). The board ultimately affirmed the initial decision in the first appeal, modifying it to apprise Williams of his mixed-case appeal rights.
 
 
 4
 On appeal, Williams asserts that the board gave no reason for dismissing his second appeal. To the contrary, however, the reason the board dismissed his appeal was because the issues he raised there were already before the full board for review. He also appears to argue that there was some malevolent motive behind the Postal Service's attempt to have the board designated as the proper respondent in this appeal but has provided no support for this assertion. He also claims that a witness in the first appeal committed perjury. However, that appeal is not before us. Because he chose to take that mixed case to the EEOC, and is now in district court, there may still be an avenue to pursue this allegation.