**Hector F. GILL, Petitioner,**

v.

**DEPARTMENT OF DEFENSE,**
**Respondent.**

No. 03–3146.

United States Court of Appeals,
Federal Circuit.

DECIDED: Sept. 11, 2003.

Before NEWMAN, Circuit Judge,
FRIEDMAN, Senior Circuit Judge, and
RADER, Circuit Judge.

PER CURIAM.

Hector F. Gill petitions for review of the decision of the Merit Systems Protection Board, Docket No. DA3443020061–I–1, 93 M.S.P.R. 301, 2002 WL 31828387, denying his request for corrective action. For the reasons that follow, we *affirm* the decision of the Board.

## BACKGROUND

Mr. Gill was employed as a GS–7 Accountant with the agency's Defense Finance and Accounting Service in San Antonio, Texas. The agency actions about which he complains were three unsatisfactory performance evaluations from June 2000 to June 2001, the denial of a merit promotion to GS–9 Accountant in November 2000, and the failure to grant him a within grade increase to GS–7 step 3. He alleges these actions were motivated by discrimination on the basis of age, sex, race, disability, national origin, and previous military history.

The Board concluded that it did not have jurisdiction over Mr. Gill's allegations of discrimination on the basis of age, sex, race, disability, and national origin because the agency actions complained of (unsatisfactory performance evaluations and failures to promote) were not actions otherwise appealable to the Board. Mr. Gill does not contest this finding, and states in his papers that he "will not raise or continue to raise any claim of discrimination in this court." *See Fed. Cir. Rule* 15(c).

The Board did conclude, however, that it had jurisdiction over Mr. Gill's appeal under the Uniformed Services Employment and Reemployment Rights Act of 1994, codified at 38 U.S.C. § 4301 *et seq.*, since he alleged discrimination on the basis of previous military service. Having found jurisdiction, the Board addressed the merits of Mr. Gill's USERRA appeal, and found that Mr. Gill has "presented no probative evidence, or even allegations that, if true, would support a conclusion that his service in the uniformed military was the reason or the motivation for those performance ratings." The ALJ concluded that "I find nothing about these circumstances that leads to a conclusion that the agency was motivated to rate him unacceptable, or take or not take any other actions, because he served in the military 10 years before." The AJ therefore denied Mr. Gill's request for relief.

The full Board denied review and this appeal followed.

## DISCUSSION

Decisions of the Board must be sustained unless they are arbitrary, capricious, not in accordance with law, obtained without procedures required by rule, law, or regulation, or unsupported by substantial evidence. *See* 5 U.S.C. § 7703(c); *Hayes v. Department of the Navy*, 727 F.2d 1535, 1537 (Fed.Cir.1984).

Mr. Gill argues that the Board was incorrect when it found that he had not met his burden of proving that any of the agency actions was motivated by discrimination based on his previous military career. He thus challenges a finding of fact made by the Board. As evidence of this discrimination, Mr. Gill advances the theory that he had a personality conflict with his supervisor, and that this conflict arose because of his previous service in the Air Force. Mr. Gill points to no explanation of why this is the case; he merely conjectures that it is.

In addition to Mr. Gill's testimony, the Board had before it the contrary affidavit of his supervisor and the performance evaluations themselves. The Board made a factual determination that the personnel actions about which Mr. Gill complains were not based on military service discrimination. The affidavit and performance evaluations constitute substantial evidence in support of this conclusion. The decision of the Board must be affirmed.