NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3128

STEVEN FAST WOLF,

Petitioner,

v.

DEPARTMENT OF HEALTH AND HUMAN SERVICES,

Respondent.

Steven Fast Wolf, of Crownpoint, New Mexico, pro se.

Michael N. O'Connell, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were Jeffrey S. Bucholtz, Acting Assistant Attorney General; Jeanne E. Davidson, Director; and Kirk T. Manhardt, Assistant Director.

Appealed from: Merit Systems Protection Board

NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3128

STEVEN FAST WOLF,

Petitioner,

v.

DEPARTMENT OF HEALTH AND HUMAN SERVICES,

Respondent.

Petition for review of the Merit Systems Protection Board in DE1221070280-W-1 and DE1221070391-W-1.

_____

DECIDED: June 9, 2008

_____

Before MICHEL, <u>Chief Circuit Judge</u>, NEWMAN and LINN, <u>Circuit Judges</u>.

PER CURIAM.

Steven Fast Wolf ("Fast Wolf") seeks review of a final decision of the Merit Systems Protection Board ("the Board"), which dismissed his petition for review after it concluded that there was no new, previously unavailable, evidence and that the administrative judge ("AJ") made no error in law or regulation that affected the AJ's decision to accept the parties' executed settlement agreement and dismiss Fast Wolf's appeals.  <u>Fast Wolf v. Dep't of Health & Human Servs.</u>, DE-1221-07-391-W-1, DE-1221-07-0280-W-1 (M.S.P.B. Jan. 7, 2008) ("<u>Final Order</u>").  Because Fast Wolf has failed to meet his burden to demonstrate error in the Board's decision, we <u>affirm</u>.

Fast Wolf and the Department of Health and Human Services ("the agency") entered into a settlement agreement to resolve two individual-right-of-action appeals Fast Wolf had filed with the Board. On July 30, 2007, after concluding that "the parties understand and freely accept the terms of the agreement," an administrative judge entered the executed settlement agreement into the record for purposes of enforcement and dismissed the appeals. Fast Wolf v. Dep't of Health & Human Servs., DE-1221-07-391-W-1, DE-1221-07-0280-W-1, slip op. at 2 (M.S.P.B. July 30, 2007) ("Initial Decision"). Among other things, the settlement agreement provided for the agency to rescind various personnel actions in exchange for Fast Wolf withdrawing his individual-right-of-action appeals and resigning from his position.

Following entry of the executed settlement agreement and dismissal of the appeals in the AJ's Initial Decision, Fast Wolf filed before the Board a petition for review, requesting that the Board "reopen and consider [his] appeal based on the Agency's actions that constructively discharged [him] and coerced [him] to settle." Pet'r's App. at 1. The Board, applying the standard set forth at 5 C.F.R. § 1201.115(d), dismissed Fast Wolf's petition for review after concluding "that there [wa]s no new, previously unavailable, evidence and that the administrative judge made no error in law or regulation that affects the outcome." Final Order at 1. Thus, the dismissal by the AJ became the final decision of the Board. Fast Wolf timely appealed that decision.

Our scope of review of Board decisions is defined and limited by statute. See 5 U.S.C. § 7703(c). "The agency's action in this case must be affirmed unless it is found to be: (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule or regulation having

2008-3128                    2

been followed; or (3) unsupported by substantial evidence." <u>Hayes v. Dep't of the Navy</u>, 727 F.2d 1535, 1537 (Fed. Cir. 1984). "The petitioner bears the burden of establishing error in the Board's decision." <u>Harris v. DVA</u>, 142 F.3d 1463, 1467 (Fed. Cir. 1998).

The thrust of Fast Wolf's appeal is that the settlement agreement is invalid because he was coerced into executing it. In support of his position, Fast Wolf makes various allegations of agency misconduct relating to what he characterizes as intolerable working conditions. <u>E.g.</u>, Pet'r's App. at 1-2. These allegations, however, relate not to whether he was coerced into executing the settlement agreement, but rather to the underlying merits of his individual-right-of-action appeals. Fast Wolf's allegations are irrelevant unless he can demonstrate that the settlement was coerced. That he has failed to do. Moreover, Fast Wolf has not shown that the evidence presented to the Board was previously unavailable, nor has he otherwise pointed to an error of law by the AJ that might have affected the outcome. As a result, he has failed to meet his burden to demonstrate error in the Board's decision. The decision of the Board is <u>affirmed</u>.

COSTS

No costs.