824 F.2d 977
 Unpublished disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Wilmot D. SHAW, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 Appeal No. 87-3034.
 United States Court of Appeals, Federal Circuit.
 April 17, 1987.
 
 Before NIES, Circuit Judge, NICHOLS, Senior Circuit Judge, and BISSELL, Circuit Judge.
 PER CURIAM.
 
 DECISION
 
 1
 Wilmot D. Shaw seeks review of the final decision of the Merit Systems Protection Board, Case No. AT07548610093, sustaining the Office of Personnel Management's decision to remove him from his position as a Supervisory Industrial Engineering Technician and to bar him from competing in the federal service for three years for submitting false information on two federal employment applications. We affirm.
 
 OPINION
 
 2
 The board sustained the agency's action against Shaw on the basis of its finding that he falsified numerous items on two Personal Qualifications Statements (SF-171s) relating to his prior work experience and criminal conviction record. The board also found that he knowingly submitted a forged certificate of membership in the Civil Engineers Honor Society with one of those applications.
 
 
 3
 The finding that Shaw's SF-171s contained incorrect answers and misinformation is well supported by the record and Shaw does not substantially contest that finding. Instead Shaw offers essentially the same explanations for the errors--that they were due to either omissions, inadvertent statements, typographical errors, oversights, or confusion--that the presiding official expressly rejected. Based on those explanations and the lack of direct evidence of wrongful intent, Shaw argues that there is no substantial evidence to support the board's finding that he intentionally falsified his SF-171s. We disagree.
 
 
 4
 Shaw is correct that a charge of falsification "requires proof not only that an answer is wrong, but also that the wrong answer was given with intent to deceive or mislead the agency." Naekel v. Department of Transp., 782 F.2d 975, 978 (Fed.Cir.1986). As recognized in Naekel, seldom is there direct evidence of intent. See id. In such cases circumstantial evidence must generally be relied upon to establish the requisite intent. Id.; Kumferman v. Department of the Navy, 785 F.2d 286, 290 (Fed.Cir.1986).
 
 
 5
 The presiding official noted that every error made on the SF-171s accrued to Shaw's benefit by enhancing his qualifications for the supervisory position he was seeking, which made it improbable that the errors were inadvertent. As to some errors the presiding official found that the misinformation rose to the level of reckless disregard for the truth. Under those circumstances the presiding official justifiably inferred that Shaw had the requisite intent to deceive or mislead the agency. We cannot agree that the finding that Shaw intentionally falsified his SF-171s is unsupported by substantial evidence. See Hayes v. Department of the Navy, 727 F.2d 1535, 1537 (Fed.Cir.1984). Nor can we agree with Shaw that the penalty is disproportionate to the seriousness of the offense.
 
 
 6
 Having considered all of Shaw's arguments, we must affirm the MSPB's decision as he has failed to show that it was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule, or regulation having been followed; or unsupported by substantial evidence. See 5 U.S.C. Sec. 7703(c) (1982); Hayes at 1537.