845 F.2d 1034
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Joseph FLUCAS, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 87-3556.
 United States Court of Appeals, Federal Circuit.
 Feb. 12, 1988.
 
 Before RICH, Circuit Judge, BALDWIN, Senior Circuit Judge, and EDWARD S. SMITH, Circuit Judge.
 
 DECISION
 
 1
 The decision of the Merit Systems Protection Board, Docket No. DA07318710173, sustaining an adverse suitability determination under authority of 5 C.F.R. Secs. 731.202 precluding appointment of Joseph Flucas (petitioner) to a position in the competitive service until July 12, 1989, is affirmed.
 
 OPINION
 
 2
 Substantial evidence supports the board's determination affirming the Office of Personnel Management's (OPM) adverse suitability rating on charges that petitioner had engaged in misconduct in his prior federal service and that he misrepresented certain information on his application for employment. See 5 C.F.R. Secs. 731.202(b)(1), (3). In reviewing whether the OPM action promotes the efficiency of the service, the board sustained a conclusion that the evidence establishes petitioner's past untruthfulness, stating that such dishonesty "may reasonably be expected to interfere with or prevent effective performance."
 
 
 3
 Here, as below in a petition for review of the board's opinion, petitioner urges consideration of after-supplied materials attesting to punctuality and satisfactory performance in his later position with the Veterans Administration. However, petitioner's evidence in attempted rebuttal of the board's observation of a lack of "evidence of rehabilitation" in the record, does not negate or overcome the substantial evidence basis upon which the board's decision is based. The question of rehabilitation was incidental to the board's determination that the action promotes the efficiency of the service.
 
 
 4
 The board's decision is not otherwise arbitrary, capricious, an abuse of discretion, in disaccord with the law, or obtained without following procedures required by law, rule or regulation. See Hayes v. Department of the Navy, 727 F.2d 1535, 1537 (Fed.Cir.1984).