856 F.2d 202
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Alexander BRANDT, Petitioner,
v.
DEPARTMENT OF the NAVY, Respondent.
 No. 85-542.
 United States Court of Appeals, Federal Circuit.
 Aug. 17, 1988.
 
 Before MARKEY, Chief Judge, BENNETT, Senior Circuit Judge, and MICHEL, Circuit Judge.
 PER CURIAM.
 
 DECISION
 
 1
 The final decision of the Merit Systems Protection Board (MSPB or Board), Docket No. DC07528310774 (July 12, 1984), affirming the removal of Alexander Brandt from his position as an Operations Research Analyst for the Department of the Navy (agency or Navy), Office of the Chief of Naval Operations (OCNO), Strategic and Theatre Nuclear Warfare Division, is affirmed.
 
 OPINION
 
 2
 The agency revoked Mr. Brandt's top secret security clearance following his felony conviction for tax evasion. As a security clearance was a requirement for his position at the agency and for any other position for which he was eligible, he was removed from civilian federal service on June 15, 1983. On appeal to the MSPB, the Board, in modifying and affirming its initial decision, held that the agency had demonstrated a nexus between Mr. Brandt's off-duty crime and the revocation of his security clearance and that there were no other positions within the agency that appellant could hold without the security clearance. Mr. Brandt appealed the final MSPB decision to this court.
 
 
 3
 This court stayed Mr. Brandt's appeal pending the decision of the Supreme Court in Department of the Navy v. Egan, 108 S.Ct. 818 (1988). In Egan, the Court held that the Board does not have the authority to review the merits of a security clearance decision when determining whether a removal of an employee by an agency is "only for such cause as will promote the efficiency of the service" under 5 U.S.C. Sec. 7513(d) (1982).
 
 
 4
 A denial of a security clearance is not such an "adverse action," and by its own force is not subject to Board review. An employee who is removed for "cause" under Sec. 7513, when his required clearance is denied, is entitled to the several procedural protections specified in that statute. The Board then may determine whether such cause existed, whether in fact clearance was denied, and whether transfer to a nonsensitive position was feasible. Nothing in the Act, however, directs or empowers the Board to go further.
 
 
 5
 108 S.Ct. at 825-26.
 
 
 6
 As noted, Mr. Brandt's appeal to the Board was decided before the Supreme Court decided Egan. Nevertheless, it is clear that the Board was without jurisdiction to review the nexus between an employee's conduct and the denial or revocation of a security clearance. Therefore, in accordance with the teachings of Egan, we must confine our current review of the Board's decision to whether Mr. Brandt's security clearance was in fact revoked, whether the lack of a security clearance is "cause" for removal from his position with the Navy, and whether transfer to a nonsensitive position was feasible.*
 
 
 7
 Mr. Brandt does not dispute that a top secret security clearance was required for his position as an Operations Research Analyst or that his own top secret security clearance was in fact revoked. Security clearance being required, its lack is clearly "cause" for removal. Mr. Brandt does challenge the Navy's failure to search more widely for nonsensitive positions within the agency and the entire Department of the Defense for which he might qualify. However, Mr. Brandt does not identify any such positions. The Navy did search within the OCNO, but determined that Mr. Brandt was unqualified for the only available positions which did not require security clearances. We conclude that the Navy's search was reasonable under the circumstances of this case and was not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. 5 U.S.C. Sec. 7703(c) (1982); see Hayes v. Department of the Navy, 727 F.2d 1535, 1537-38 (Fed.Cir.1984). Since substantial evidence supports the finding that Mr. Brandt was not qualified for the only positions within the OCNO for which he was eligible, we are unable to conclude that Mr. Brandt's removal was an abuse of discretion or totally unwarranted. Miguel v. Department of the Army, 727 F.2d 1081, 1083 (Fed.Cir.1984). Therefore, the decision of the MSPB is affirmed.
 
 
 
 *
 Although the government suggests that the board cannot review an agency's decision to reassign or not reassign an employee who loses a required security clearance, the government concedes that, under the particular facts of this case, the Navy's efforts to locate an alternative position for Mr. Brandt are reviewable