923 F.2d 870
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Timothy J. ERICKSON, Petitioner,
v.
DEPARTMENT OF TRANSPORTATION, Respondent.
 No. 90-3419.
 United States Court of Appeals, Federal Circuit.
 Nov. 23, 1990.
 
 Before RICH, MAYER and MICHEL, Circuit Judges.
 DECISION
 PER CURIAM.
 
 
 1
 Timothy J. Erickson appeals from the January 18, 1990 Initial Decision of the Administrative Judge (AJ), Docket No. CH07528910719, which became the final decision of the Merit Systems Protection Board (MSPB) when the MSPB declined review on May 25, 1990. We affirm.
 
 OPINION
 
 2
 Petitioner was a Developmental Air Traffic Control (ATC) Specialist for the Federal Aviation Administration (FAA) in Farmington, Minnesota. After petitioner failed Phase VIII of the FAA's air traffic controller training program, the FAA removed him from employment effective August 26, 1989. Petitioner does not dispute his failure to attain Phase VIII, but asserts that he should have been reassigned to another ATC position at a less complex facility, rather than removed. The parties agree that a Developmental ATC who has successfully completed Phase VII is eligible for reassignment to a Flight Service Station after failing a later training phase; however, reassignment is contingent upon, inter alia, the availability of vacancies at the reassignment location.
 
 
 3
 After receiving notice from the FAA in February, 1989 that he was to be removed, petitioner requested reassignment to four particular Flight Service Stations--Hibbing, Princeton, Redwood Falls, and Pierre. The AJ found that no vacancies existed at these stations, and thus that the FAA's decision to remove petitioner was justified. The AJ also noted testimony that vacancies did exist at Cleveland and Dayton, but that these stations had not been requested by petitioner.
 
 
 4
 Challenging the fairness of the FAA's procedures, Petitioner argues that he did not specify more stations in his reassignment request because he assumed that the FAA would consider him for all available vacancies. Petitioner also asserts that he did not become aware of the FAA's April 4, 1989 letter stating that no vacancies existed at the four specifically requested stations until November 8, 1989, a date following his removal. "If I had known about the April 4th letter, I could have submitted requests for other facilities," petitioner asserts. In the absence of other explanation, petitioner assumed he was being removed for incompetence, not due to a lack of vacancies.
 
 
 5
 The AJ concluded, however, that petitioner had been fairly advised of his reassignment options, and that his request had been fairly processed. In reaching this conclusion, the AJ found credible testimony that absent a generic request for reassignment, the FAA only considers the specific stations identified in a reassignment request. The AJ also found credible the testimony of an FAA employee who had counseled petitioner that he could be as specific or as general as he wanted to be in requesting reassignment. In light of this testimony, and finding no evidence of "bad faith or patent unfairness," Cortright v. Department of Transportation, 37 M.S.P.R. 565, 571 (1988), the AJ deferred to the FAA's determination that petitioner did not satisfy the requirements necessary to avoid being removed for training failure.
 
 
 6
 Our review of the Board's decision is limited by statute. 5 USC 7703(c). The FAA's removal of petitioner must be affirmed unless it is found to be "arbitrary, capricious, an abuse of discretion, ... or unsupported by substantial evidence." Id. For us to hold the evidence supporting the agency's action substantial, the record need only disclose such relevant evidence as might be accepted by a reasonable mind as adequate to support the conclusion reached. Hayes v. Department of the Navy, 727 F.2d 1535, 1537 (Fed.Cir.1984). Having thoroughly considered the record before us, we do not find sufficient grounds under 5 USC 7703(c) for setting aside the FAA's removal of petitioner. We therefore affirm the Board's decision.