52 F.3d 345
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Melvin GILMORE, Petitioner,
v.
UNITED STATES POSTAL SERVICE, Respondant.
 No. 94-3608.
 United States Court of Appeals, Federal Circuit.
 April 13, 1995.
Rehearing Denied May 8, 1995.
 
 Before RICH, NEWMAN, and SCHALL, Circuit Judges.
 DECISION
 RICH, Circuit Judge.
 
 
 1
 Petitioner, Melvin Gilmore (Gilmore), seeks review of the August 3, 1994, final decision of the Merit Systems Protection Board (MSPB or board), Docket No. AT-0353-94-0131-I-1, adopting the February 15, 1994, initial decision dismissing his appeal upon finding no jurisdiction and res judicata. We affirm.
 
 DISCUSSION
 
 2
 Gilmore, a letter carrier for the United States Postal Service (USPS) in Florida, was injured on the job. He was approved for both disability retirement benefits and compensation from the Office of Worker's Compensation Programs (OWCP). Gilmore elected to receive the OWCP benefits. After receiving benefits for twelve years, Gilmore was reemployed as a part-time clerk in a modified position. The agency did not restore his seniority from the carrier craft and did not credit him with seniority for the recovery period when he was receiving OWCP benefits.
 
 
 3
 In a prior appeal, Gilmore v. United States Postal Service, MSPB Docket No. AT-0353-92-0292-I-1 (April 8, 1992), the Administrative Judge (AJ) determined that the collective bargaining agreement controlled Gilmore's seniority upon restoration. The collective bargaining agreement did not provide for restoration of seniority when an employee was restored to a different craft than the one in which he had been when injured. Gilmore's appeal to this court was affirmed and his petition to proceed in forma pauperis before the Supreme Court was denied.
 
 
 4
 Gilmore filed the instant appeal alleging fraud by the agency representative of the USPS before the MSPB. Specifically, Gilmore asserts that the agency representative made fraudulent interpretations of the union agreement, and that the agency has not denied the charges of fraud. The AJ held that Gilmore's instant appeal was barred by res judicata and that the board lacked jurisdiction.
 
 
 5
 We must affirm decisions of the Board unless they are arbitrary, capricious, not in accordance with law, obtained without procedures required by rule, law, or regulations, or unsupported by substantial evidence. 5 U.S.C. Sec. 7703(c) (1988). See Hayes v. Department of the Navy, 727 F.2d 1535, 1537 (Fed.Cir.1984).
 
 
 6
 The doctrine of res judicata bars Gilmore for relitigating the same issues that were or could have been raised before. See Nevada v. United States, 463 U.S. 110, 129-130 (1982). As the AJ noted, Gilmore is simply relitigating his prior appeal under a guise of fraud. The AJ found that Gilmore's claim was merely a disagreement with the agency representative's interpretation of the collective bargaining agreement and that, even if the subsequent actions amounted to a prohibited personnel practice, it could not be appealed in the absence of an otherwise appealable action.
 
 
 7
 After thorough review of the arguments and the record, it is clear that the AJ properly dismissed Gilmore's second appeal on the basis of res judicata and lack of jurisdiction. Accordingly, we find no error to support reversal of the board's determinations.