52 F.3d 343
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Lidwina D. DAVID, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 95-3098.
 United States Court of Appeals, Federal Circuit.
 March 29, 1995.
Rehearing Denied May 16, 1995.
 
 Before RICH, NIES, and LOURIE, Circuit Judges.
 RICH, Circuit Judge.
 
 DECISION
 
 1
 Petitioner, Lidwina D. David (David), seeks review of the October 12, 1994, final decision of the Merit Systems Protection Board (MSPB or board), Docket No. SE-0831-94-0362-I-1, adopting the June 24, 1994, initial decision affirming the Office of Personnel Management's (OPM's) denial of her application for retirement annuity pursuant to the Civil Service Retirement Act (CSRA), 5 U.S.C. Sec. 8331. We affirm.
 
 DISCUSSION
 
 2
 David was a civilian employee of the United States Air Force at Clark Air Base in the Philippines for approximately 33 years. David's employment records indicate that she was paid using nonappropriated funds, that she was not subject to the CSRA, and that her assignment was indefinite. On November 26, 1991, David was separated from her position due to closure of the base.
 
 
 3
 On April 12, 1993, David applied to the OPM for a retirement annuity under the CSRA. The OPM denied her application because her service was not in a position subject to the CSRA. On reconsideration, David's application was again denied by the OPM. On February 23, 1994, David requested the MSPB to review the OPM decision. The board affirmed the OPM decision noting that David had the burden of providing evidence that she satisfied the statutory requirements, which burden David had failed to meet. Specifically, the board held that David was not an "employee" within the meaning of 5 U.S.C. Sec. 2105(c) (1988) because, throughout her tenure, her position was paid through "nonappropriated funds." David, therefore, was not in a position eligible for an annuity under the CSRA. Because the board held that David was not an "employee," it did not consider David's argument regarding her service tenure as "indefinite."
 
 
 4
 David argues that the Administrative Judge (AJ) applied the wrong law when she determined that David was not an "employee" under 5 U.S.C. Sec. 2105(c). David asserts that she meets the legal requirement for a government "employee" as defined under 5 U.S.C. Sec. 8331(1)(A) and 5 U.S.C. Sec. 2105(a). David further argues that her "indefinite" assignment would not exclude her from coverage because her tenure of office or employment was not temporary or intermittent under 5 U.S.C. Sec. 8347(g).
 
 
 5
 We must affirm decisions of the board unless they are arbitrary, capricious, not in accordance with law, obtained without procedures required by rule, law, or regulations, or unsupported by substantial evidence. 5 U.S.C. Sec. 7703(c) (1988). See Hayes v. Department of the Navy, 727 F.2d 1535, 1537 (Fed.Cir.1984).
 
 
 6
 To qualify for retirement annuity, 5 U.S.C. Sec. 8331 requires David's service to have been as an "employee" defined in 5 U.S.C. Sec. 2105. David states, without support, that she is an "employee" under 5 U.S.C. Sec. 2105(a) and that the AJ applied the wrong law when she applied Sec. 2105(c). David's interpretation, however, does not consider the "unless a specific exception ... otherwise provided by this section" limitation in 5 U.S.C. Sec. 2105(a). Section 2105(c) provides that workers, such as David, paid from non-appropriated funds are statutorily excluded from government "employee" status for the purpose of laws administered by the OPM, which includes the CSRA. As the board correctly held, the unrebutted evidence demonstrates that all of David's service was in positions paid through nonappropriated funds, and therefore, she was not an "employee" within the meaning of the statute. Furthermore, David has not provided evidence that her positions would be included in the exception noted in 5 U.S.C. Sec. 8332(b)(16).[1]
 
 
 7
 David also argues "temporary or intermittent," as used in 5 U.S.C. Sec. 8347(g), does not include her "indefinite" assignment, and therefore, her service is covered. This court has recently held "temporary or intermittent," as used in this provision, to include "indefinite" assignments as interpreted by the OPM in 5 C.F.R. Sec. 831.201(a)(13). Rosete v. OPM, No. 94-3342, slip op. (Fed.Cir. Feb. 3, 1995). Accordingly, David's service under "indefinite" assignments is not covered.
 
 
 
 [1]
 The Nonappropriated Fund Instrumentalities Employees' Retirement Credit Act of 1986, Pub.L. No. 99-638, 100 Stat. 3535 (1986), (NFIERC) allows credit for service, paid through nonappropriated funds, if that service was performed between specific dates and involved specific activities. See 5 U.S.C. Sec. 8332(b)(16)