77 F.3d 502
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
James W. HURLEY, Petitioner,
v.
UNITED STATES POSTAL SERVICE, Respondent.
 No. 95-3423.
 United States Court of Appeals, Federal Circuit.
 Jan. 24, 1996.
 
 Before RICH, LOURIE, and BRYSON, Circuit Judges.
 DECISION
 PER CURIAM.
 
 
 1
 James W. Hurley petitions for review of the final decision of the Merit Systems Protection Board, Docket No. BN0752940321-I-1, dismissing Hurley's appeal for lack of subject matter jurisdiction. Because the board correctly held that it lacked jurisdiction over the appeal, we affirm.
 
 DISCUSSION
 
 2
 Hurley was employed as a custodian with the United States Postal Service ("the agency"). In March 1994, the agency proposed to remove Hurley from his position for failure to be regular in attendance and violation of the agency's standards of conduct. In April 1994, Hurley and the agency entered into a last chance agreement ("LCA") whereby the removal would be held in abeyance for one year subject to Hurley's compliance with the terms of the agreement. Under these terms, Hurley was placed in a "last chance probationary status" and he promised "to fulfill all the conditions of postal employment with particular emphasis in the requirement to be regular in attendance." Hurley also agreed that during the probationary period the agency could remove him for breach of "any of the terms" of the LCA. Further, he waived all his appeal rights with respect to the March 1994 Notice of Proposed Removal and any subsequent removal action taken by the agency as a result of his breach of the LCA.
 
 
 3
 Hurley continued in his employment with the agency. In July 1994, however, a coworker alleged that Hurley had used an obscene epithet toward him on an elevator at work. The coworker also alleged that Hurley had swung a steel bar at him and had threatened him with a knife. Following an investigation, the agency removed Hurley for breach of the LCA. In particular, the agency charged that Hurley had been Absent Without Official Leave ("AWOL") for one hour and that he had violated the agency's standards of conduct. Hurley appealed to the board.
 
 
 4
 In the board proceeding, Hurley submitted an affidavit stating that he had not been AWOL because he was attending an Alcoholics Anonymous meeting at the time of the alleged AWOL. He also denied violating the agency's standards of conduct, except that he admitted directing an epithet toward his coworker.
 
 
 5
 An Administrative Judge ("AJ") dismissed Hurley's appeal for lack of jurisdiction. The AJ found that Hurley's use of the epithet violated section 666.2 of the Postal Service Employee and Labor Relations Manual ("ELM"), which requires that postal employees "conduct themselves during and outside of working hours in a manner which reflects favorably upon the Postal Service." The AJ also found that Hurley's use of the epithet constituted a verbal assault. The AJ therefore concluded that Hurley had breached his promise in the LCA "to fulfill all the conditions of postal employment." The AJ also found that the agency had not coerced Hurley into entering into the LCA or acted in bad faith in removing him. The AJ did not address the AWOL charge. Thus, because the AJ determined that Hurley had not raised a nonfrivolous issue of fact concerning the board's jurisdiction, she dismissed the appeal for lack of jurisdiction without conducting a hearing. See McCall v. United States Postal Serv., 839 F.2d 664, 668-69 (Fed.Cir.1988) (absent a nonfrivolous issue of fact concerning jurisdiction, a contractual waiver of appeal rights is enforceable without a hearing). The AJ's initial decision became the final decision of the board when it denied Hurley's petition for review. See 5 C.F.R. § 1201.113 (1995). This appeal followed.
 
 
 6
 Our review of the board's decision is limited to determining whether it was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule, or regulation having been followed; or unsupported by substantial evidence. 5 U.S.C. § 7703(c) (1994). Substantial evidence is "such relevant evidence as might be accepted by a reasonable mind as adequate to support the conclusion reached." Hayes v. Department of the Navy, 727 F.2d 1535, 1537 (Fed.Cir.1984).
 
 
 7
 On appeal, Hurley argues that his use of the epithet was protected speech under the First Amendment, that there was no legal basis for the AJ's characterization of the statement as a "verbal assault," and that the statement did not reflect unfavorably upon the agency. He also contends that his coworker exaggerated the incident and that vulgar language was not prohibited by the LCA.
 
 
 8
 We have carefully considered these arguments, but find them unpersuasive. Hurley concedes that he directed a vulgar epithet toward his coworker. Moreover, the board did not abuse its discretion in determining that such conduct violated Hurley's promise under the LCA "to fulfill all the conditions of postal employment," because section 666.2 of the ELM requires postal employees to "conduct themselves during and outside of working hours in a manner which reflects favorably upon the Postal Service." Hurley's behavior clearly violated that standard of conduct. Therefore, the board correctly determined that Hurley did not raise a nonfrivolous issue of fact concerning his breach of the LCA.
 
 
 9
 Finally, the board did not abuse its discretion in dismissing the appeal without conducting a hearing. Because Hurley waived his appeal rights, and he did not make a nonfrivolous allegation that he did not commit the act of which he was accused, that the agency acted in bad faith, or that he did not voluntarily and freely enter into the agreement, he was not entitled to a hearing. See Stewart v. United States Postal Serv., 926 F.2d 1146, 1148-49 (Fed.Cir.1991).