86 F.3d 1178
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Wilson L. NANCE, Petitioner,
v.
DEPARTMENT OF TRANSPORTATION, Respondent.
 No. 96-3042.
 United States Court of Appeals, Federal Circuit.
 May 14, 1996.
 
 1
 Before MICHEL, CJ., NIES, Sr. CJ., and BRYSON, CJ.
 
 Decision
 
 2
 Wilson L. Nance appeals from the June 23, 1995 decision of the Merit Systems Protection Board (Board), No. PH-3443-95-0351-I-1, dismissing his appeal for lack of jurisdiction. That decision became final when, on October 27, 1995, the full Board denied Nance's petition for review. The appeal was submitted for decision on the briefs on May 9, 1996. Because Nance has not demonstrated that the Administrative Judge (AJ) erred in concluding that he was not constructively demoted by the Department of Transportation (Agency), we affirm.
 
 Discussion
 
 3
 It is undisputed that, in July 1994, the Agency reassigned Nance from his GS-6 Medical Aide (Typing) position to his present GS-6 Administrative Technician (Office Automation) position. It is also undisputed that the Medical Aide position Nance held was eliminated, and a new GS-9 Worker's Compensation Specialist position was created in its place. Nance appealed the Agency's decision to hire another person to fill the new GS-9 position, rather than transfer Nance to the position, alleging that it constituted a constructive demotion.
 
 
 4
 The AJ dismissed Nance's appeal, concluding that "the appellant has not demonstrated that the circumstances necessary to constitute a nonfrivolous Russell type appeal[* are present in this case." This conclusion followed from the AJ's finding that the newly created Compensation Specialist position "differed from the old position" that Nance held "in four major areas" detailed by the AJ. Nance contends that the AJ's determination is grounded on a fundamental misunderstanding as to the nature of his duties as a Medical Aide. According to Nance, a Medical Aide cannot process even a single case without taking all the steps that the AJ found to be differentiating factors between the old and new positions.
 
 
 5
 We cannot overturn the Board's decision unless the findings of fact on which it is based are unsupported by substantial evidence. 5 U.S.C. § 7703(c)(3). This highly deferential standard of review places a heavy burden on an appellant such as Nance, inasmuch as he must demonstrate that the record does not contain "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Hayes v. Department of the Navy, 727 F.2d 1535, 1537 (Fed.Cir.1984).
 
 
 6
 Nance has not demonstrated that the critical finding regarding the differences between the GS-6 and GS-9 positions is unsupported by substantial evidence. The AJ reviewed the relevant job descriptions, as well as affidavits and other documentary submissions from both Nance and the Agency. After reviewing the record on appeal, we can only conclude that the AJ's finding regarding the differences between the new GS-9 position and the Nance's GS-6 Medical Aide position is well supported by the Agency's submissions. Moreover, we discern no error in the AJ's conclusion that, because Nance was not performing the duties of the newly created Compensation Specialist position in his role as a Medical Aide, he was not constructively demoted when he was reassigned to another GS-6 position rather than transferred to the new, higher-level Compensation Specialist's position.
 
 
 7
 For the foregoing reasons, we must affirm the Board's decision dismissing Nance's appeal for lack of jurisdiction.
 
 
 
 *
 In Russell v. Department of the Navy, the Board held that it had jurisdiction over an appeal from a constructive demotion, i.e., the situation where an employee is transferred out of a position for which he is qualified at the time that position is reclassified to a higher grade. 6 M.S.P.R. 698, 710-11 (1981). See also Pfefferkorn v. Department of Justice, 52 M.S.P.R. 39, 41 (1991) (same)