**Rodney W. LAUCK, Petitioner,**

v.

**DEPARTMENT OF the ARMY, Respondent.**

No. 01–3225.

United States Court of Appeals, Federal Circuit.

March 27, 2002.

Before LOURIE, SCHALL, and GAJARSA, Circuit Judges.

PER CURIAM.

## DECISION

Rodney W. Lauck ("Lauck") appeals the decision of the Merit Systems Protection Board ("MSPB") dismissing the appeal of his termination from the Department of the Army ("Army") based on Lauck's loss of membership in the United States Army Reserve ("USAR"). *Lauck v. Dep't of the Army,* No. CH–0752–0283–I–1 (MSPB July 11, 2000). Because the MSPB's dismissal of Lauck's appeal was not arbitrary, capricious, or an abuse of discretion and is otherwise in accordance with the law, we *affirm.*

On June 4, 1989, the Army appointed Lauck to a civilian position, Supervisory Aircraft Pilot. This was a "dual status" or "military technician" appointment conditioned on the requirement that he maintain membership in the USAR. On November 2, 1998, the USAR discharged Lauck under other than honorable conditions, and on December 30, 1999, the Army terminated Lauck from his civilian position for failing to maintain USAR membership.

Lauck appealed his termination to the MSPB. On July 11, 2000, the MSPB's administrative judge ("AJ") dismissed Lauck's appeal. Lauck thereafter petitioned for review. On February 23, 2001, the MSPB affirmed the AJ's dismissal, finding Lauck offered no new, previously unavailable evidence and the initial decision contained no error in law or regulation affecting the outcome. Lauck timely filed this appeal.

Pursuant to 5 U.S.C. § 7703(c)(1)-(3) (2000), this court must affirm the MSPB unless its decision is: (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law rule, or regulation having been followed; or (3) unsupported by substantial evidence. *Hayes v. Dep't of the Navy,* 727 F.2d 1535, 1537 (Fed.Cir.1984). Lauck bears the burden of proving reversible error. *Harris v. Dep't of Veterans Affairs,* 142 F.3d 1463, 1467 (Fed.Cir.1998).

The AJ concluded that the Army had established by a preponderance of the evidence that the reason for Lauck's loss of membership in the USAR was due to circumstances within his control, a requirement the AJ believed applied in Lauck's

case. Army Regulation ("AR") Section II–8.e.1 lists actions within the military technician's control and includes "unsatisfactory military performance or conduct." "If a reservist loses active reserve status for a reason defined by the regulations as voluntary, we only look to see if the employee lost his reserve status for that reason." *Jeffries v. Dep't of the Air Force*, 999 F.2d 529, 532 (Fed.Cir.1993).

Here, the USAR discharged Lauck for "acts of personal misconduct." Lauck never disputes those underlying misconduct charges; he merely challenges the USAR discharge process and the resultant termination by the Army. Lauck's appeal asserts that the USAR denied Lauck minimal due process during the discharge proceedings, and therefore his loss of USAR membership was not for reasons within his control and could not constitute a failure to meet the condition of military technician employment under Amy AR 140–315 Section II–8.d.(1). The short answer to this argument is that even if Lauck was denied due process, "grounds for discharge from the reserves are not reviewable indirectly through the MSPB." *Jeffries*, 999 F.2d at 532. We therefore conclude that the MSPB did not err in dismissing Lauck's appeal.

The MSPB's decision is not arbitrary, capricious, or an abuse of discretion. In addition, it is in accordance with the law and is supported by substantial evidence of record. Thus, we affirm the decision of the MSPB.[1]

---

1. We have reviewed Lauck's appeal based upon the decision of the MSPB. However, the Board was not required to determine, as it did, whether Lauck's loss of USAR membership was for reasons within his control. The requirement that loss of reserve membership be for reasons within the individual's control does not apply to a person, such as Lauck, who was appointed to a reserve position after December 8, 1983. *See* AR 140–315, Section II–8.d(2).