NOTE:  Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

04-3357

DANIEL R. RICHARDS,

Petitioner,

v.

FEDERAL DEPOSIT INSURANCE CORPORATION,

Respondent.

DECIDED:  March 9, 2005

Before RADER, SCHALL, and BRYSON, Circuit Judges.

PER CURIAM.

DECISION

Daniel R. Richards petitions for review of the final decision of the Merit Systems Protection Board ("Board") that sustained the action of the Federal Deposit Insurance Corporation ("agency") removing him from his position as Counsel, CG-09-0905-15. Richards v. Fed. Deposit Ins. Corp., No. DC-0752-03-0084-I-1 (M.S.P.B. Apr. 30, 2004) ("Final Decision").  We affirm.

DISCUSSION

I.

The agency removed Mr. Richards from his position based upon three charges: (1) unprofessional and/or inappropriate behavior; (2) submission of a false time and attendance report; and (3) failure to follow a direct order. Mr. Richards appealed his removal to the Board. Following a hearing, the administrative judge ("AJ") to whom the appeal was assigned issued an initial decision sustaining the removal. Richards v. Fed. Deposit Ins. Corp., No. DC-0752-03-0084-I-1 (M.S.P.B. Feb. 11, 2003) ("Initial Decision"). The Initial Decision became the final decision of the Board on April 30, 2004, after the Board denied Mr. Richards' petition for review for failure to meet the criteria for review set forth at 5 C.F.R. § 1201.115(d). See Final Decision. This appeal followed. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

II.

Our scope of review in an appeal from a decision of the Board is limited. Specifically, we must affirm the Board's decision unless we find it be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule, or regulation having been followed; or unsupported by substantial evidence. 5 U.S.C. § 7703(c); Kewley v. Dep't of Health & Human Servs., 153 F.3d 1357, 1361 (Fed. Cir. 1998). Mr. Richards raises several issues on appeal. We address them in turn.

Mr. Richards argues first that the decision of the Board is not supported by substantial evidence. Substantial evidence is "such relevant evidence as might be accepted by a reasonable mind as adequate to support the conclusion reached." Hayes

v. Dep't of the Navy, 727 F.2d 1535, 1537 (Fed. Cir. 1984). The evidence before the Board included voicemail and email messages and various personnel records. In addition, the Board had before it the testimony of David Wall and Henry Griffin, Mr. Richards' first and second level supervisors, respectively. The AJ credited the testimony of Mr. Wall and Mr. Griffin over that of Mr. Richards. An AJ's credibility determinations are virtually unreviewable, see Frey v. Dep't of Labor, 359 F.3d 1355, 1361 (Fed. Cir. 2004), and we see no reason to disturb the credibility determinations made by the AJ in this case. In view of the physical evidence and the testimony of Messrs. Wall and Griffin, we reject Mr. Richards' contention that the decision of the Board is not supported by substantial evidence.

Mr. Richards' main argument on appeal is that the AJ was biased against him and that he was deprived of due process because of the way in which the AJ conducted the hearing proceedings. Mr. Richards bases his claim that the AJ was biased against him on rulings and statements made by the AJ during the course of the proceedings. Such matters do not normally provide grounds for a claim of bias, see Liteky v. United States, 510 U.S. 540, 554-55 (1994), and the record in this case confirms that the AJ's remarks and rulings, taken in context, do not reflect and impermissible personal animus against Mr. Richards. With respect to his claim that the AJ denied him due process by conducting the hearing in a single day, there is no showing that the AJ's decision to hear evidence between 9:50 am and 7:16 pm on a single day deprived Mr. Richards of his right to a fair proceeding. He was allowed to testify for more than three hours, at the conclusion of which he stated that he had no additional evidence to present regarding the charges against him. Although he wished to testify about matters occurring more

than a decade prior to the charged misconduct, the AJ legitimately excluded that evidence as irrelevant. The AJ also legitimately barred Mr. Richards from introducing evidence supporting his claim that his removal constituted an unlawful reduction in force and was the product of a prohibited personnel practice by his supervisors. Mr. Richards' counsel had not raised those defenses at the prehearing conference and the AJ therefore properly held that Mr. Richards could not raise them for the first time at the hearing. Finally, Mr. Richards complains that he was unable to present two witnesses that he wished to call to his defense. Those witnesses were not present at the hearing, and the AJ reasonably ruled that because Mr. Richards had not arranged for them to be present, despite ample notice of the date of the hearing, those witnesses would not be heard.

Finally, Mr. Richards complains that he was denied due process on account of an inaccurate hearing transcript, and that the Board erred in not considering certain evidence he presented in support of his petition for review. Neither contention has merit. Except for making a general allegation, Mr. Richards has failed to identify inaccuracies in the hearing transcript. As far as the second point is concerned, the Board did not err in failing to consider the proffered evidence; it was neither new nor material. See 5 C.F.R. § 1201.115(d)(1).

For the foregoing reasons, the final decision of the Board sustaining Mr. Richards' removal is affirmed.