NOTE:  Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

05-3301

FELIX PUENTE,

Petitioner,

v.

DEPARTMENT OF HOMELAND SECURITY,

Respondent.

_____

DECIDED:  July 10, 2006

_____

Before GAJARSA, Circuit Judge, CLEVENGER, Senior Circuit Judge, and PROST, Circuit Judge.

PROST, Circuit Judge.

Felix Puente was arrested and indicted for assaulting his wife.  Mr. Puente plead nolo contendere to a reduced misdemeanor offense.  He received deferred adjudication and was placed on probation.  As a result of these criminal proceedings, Mr. Puente was removed from his position at the United States Customs and Border Protection for both conduct unbecoming an officer and losing his qualification to carry a firearm.  Pursuant to a collective bargaining agreement, the removal was the subject of a grievance and was ultimately submitted to arbitration.  The arbitrator sustained both

reasons for his removal and Mr. Puente appealed to this court. On appeal, we find that the first reason for the removal, namely conduct unbecoming an officer, is supported by substantial evidence and thus the first reason is sustained. As to the second reason, namely loss of qualification, we find that the arbitrator erred in holding that a "no contest plea is one in the same as a conviction." We therefore vacate the arbitrator's decision affirming the Border Patrol's removal with instructions for the arbitrator to remand the case to the Border Patrol to re-determine the appropriate penalty in light of our decision.

## I.

On the night of April 29, 2002, Felix Puente, a Senior Patrol Agent with the United States Customs and Border Protection ("Border Patrol")[1] in Laredo, Texas, got into an argument with his wife. As a result of the argument, Mrs. Puente called Border Patrol Field Operating Supervisor Oscar A. Maldonado, Mr. Puente's superior, alleging that Mr. Puente was pointing his service firearm at her. Mr. Maldonado arrived at the couple's home and questioned Mrs. Puente about the details of this incident. She said that Mr. Puente had waved his weapon and pointed it at her face. Mr. Maldonado took the firearm from Mr. Puente and the Laredo police were notified. Mr. Puente was subsequently arrested and later released on bond.

On August 27, 2002, the Webb County Texas District Court indicted Mr. Puente on two Counts of Aggravated Assault, Felony, against his wife. Thereafter on December 19, Mr. Puente plead nolo contendere to the reduced charge of a Class A misdemeanor offense. As a result of his no contest plea, he received a court order to

---

[1] The Border Patrol has now become part of the Department of Homeland Security.

serve a two year probation, during which period he would be under the court's supervision and subject to deferred adjudication of the charge brought. On September 26, 2003, the court issued the conditions of probation, notably that Mr. Puente was allowed to carry a firearm during work hours but not while off-duty at home.

The events of that night also impacted Mr. Puente career with the Border Patrol. He was indefinitely suspended pending the disposition of the criminal charges and the resolution of any further proposed administrative action deemed appropriate. On December 4, 2002, the Border Patrol issued a Letter of Decision for Removal. The Border Patrol gave two reasons for the removal. First, it alleged that Mr. Puente had committed "Conduct Unbecoming an Officer." Supporting that reason, the Border Patrol stated that Mr. Puente had been arrested, indicted, plead nolo contendere, and received deferred adjudication. Second, the employer alleged that Mr. Puente had "Loss of Qualifications." The Border Patrol stated that, due to the Lautenberg Amendment codified at 18 U.S.C. §§ 921-922, Mr. Puente could not posses a firearm and therefore he was no longer qualified to hold his position.[2] The Border Patrol concluded in its letter of removal to Mr. Puente that "[y]our inability to meet the necessary conditions of your employment as a Border Patrol Agent established the NEXUS in this matter. Furthermore, Your [sic] indictment made front-page news in the Laredo Morning Times

---

[2]     Section 922(g)(9) states
it shall be unlawful for any person--who has been convicted in any court of a misdemeanor crime of domestic violence, to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.
See also 18 U.S.C. § 921 (2004) (defining the relevant terms like "misdemeanor crime of domestic violence").

in August 29, 2002 and further news reports were printed on September 5, 2003 and September 13, 2003."

Pursuant to the Border Patrol's collective bargaining agreement, the removal was the subject of a grievance and was ultimately submitted to arbitration. At the arbitration hearing, among other things, Mr. Puente argued that the Border Patrol had not established the second reason for removal, namely the "Loss of Qualification." Mr. Puente argued that

> the agency's charge . . . is entirely dependent on evidence of the Grievant's <u>conviction</u>. The language of the lone Specification makes it abundantly clear that the agency relied on 18 U.S.C. § 921 to assert that the Grievant's <u>conviction</u>, and not merely his no contest plea, prohibited him from possessing a firearm . . . .

On June 6, 2005, the arbitrator issued its decision affirming the agency's decision to remove Mr. Puente stating that "I find that the Employer sustained its burden by a preponderance of the evidence in removing the Grievant for cause that was just and sufficient and only for the reasons that will promote the efficiency of the Service." In addressing the errors claimed by Mr. Puente, the arbitrator stated that "the Employer's sole burden of proof consists of presenting its proofs in support of the charge brought – no more, no less." As to the first specification, namely the "Conduct Unbecoming an Officer," the arbitrator found no errors in the Border Patrol's support of the charge of conduct unbecoming an officer. As to the second reason for the removal, the arbitrator found that "[a] reasonable reading of the . . . specification, contrary to the Union's argument, is that the effect of the Grievant's no contest plea, the loss of his right to possess a firearm, constitutes the charge" and therefore the agency properly found that due to the Lautenberg Amendment Mr. Puente could no longer carry a firearm.

Mr. Puente appealed the decision of the arbitrator to this court. We have jurisdiction pursuant to 5 U.S.C § 7121(f) and § 7703.

## II.

This court reviews decisions of arbitrators in grievances affecting Federal employees under the same standard of review that is applied to decisions from the Merit Systems Protection Board. See 5 U.S.C. § 7121(f) (2004); Cornelius v. Nutt, 472 U.S. 648, 656 (1985); Frank v. Dep't of Transp., 35 F.3d 1554, 1556 (Fed. Cir. 1994). Under that standard, this court affirms the decision of the arbitrator unless it is: "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c) (2004); see also Hayes v. Dep't of the Navy, 727 F.2d 1535, 1537 (Fed. Cir. 1984).

## A.

On appeal, Mr. Puente argues that the arbitrator erred as a matter of law in upholding Mr. Puente's removal by finding that he had been convicted of a misdemeanor crime of assault. He argues that "the record here amply demonstrates that [he] was not convicted and the Agency likewise concedes that there was no conviction." Second, Mr. Puente argues that he has successfully completed his deferred adjudication and as a result his pending charges were dismissed and thus the arbitrator erred as a matter of law in sustaining his removal based on those charges. He asks that the arbitrator's decision be set aside and that we find that he was improperly removed from employment.

In response, the Border Patrol contends that the arbitrator properly sustained the charge of conduct unbecoming an officer as that reason for removal was supported by five facts all of which were undisputed. Second, the Border Patrol contends that the arbitrator properly sustained the charge of loss of qualification. The Border Patrol acknowledges that Mr. Puente was not actually convicted of a crime but rather highlights that Mr. Puente's supervisor Chief Patrol Agent John Montoya relieved Mr. Puente of his ability to carry a firearm and the Chief never rescinded that decision. As a result, independent of arguments relating to the Lautenberg Amendment and the lack of a conviction, the Border Patrol argues that Chief Montoya's decision barred Mr. Puente from carrying a firearm and therefore proved Mr. Puente's "Loss of Qualification." Based on these considerations, the Border Patrol asks that the decision of the arbitrator be affirmed.

**B.**

Reason I in the Border Patrol's Notice Removal relates to "Conduct Unbecoming an Officer." In its specification, the Border Patrol elaborated that that:

> [o]n April 29, 2002, you were arrested by the Laredo Police Department for Aggravated Assault F/2 with Deadly weapon, (family violence). On August 27, 2002, the State of Texas, County of Webb issued an indictment against you for two counts of Aggravated Assault F2 against your wife . . . . On December 19, 2002, before the 341st District Court of Webb County, Texas, you pled nolo contender [sic] to Assault, Class-A misdemeanor. You received deferred adjudication and were placed on two years probation under Community Supervision.

This specification lays out the events upon which the charge is based. Mr. Puente was arrested and indicted, and he pled <u>nolo</u> <u>contendere</u>. He received deferred adjudication and was placed on probation. There is no dispute that all of these events took place and therefore the Border Patrol has established the allegations in the specification for

Reason I. We agree with the Border Patrol that "[b]efore the arbitrator, evidence supporting each of [the facts stated in the specification for Reason I] was introduced and none were seriously challenged by Mr. Puente." This conclusion is not changed by Mr. Puente's arguments that successful completion of the deferred adjudication erases the basis for this charge of "Conduct Unbecoming an Officer." All of the factual predicates in the specification still remain true even after completing the deferred adjudication. Thus, as substantial evidence supports the facts alleged in the specification, Reason I for the removal is sustained.

Reason II in the Border Patrol's Notice of Removal relates to "Loss of Qualifications." In particular, the specification states that

> [o]n December 19, 2002, before the 341st District Court of Webb County, Texas, you pled nolo contendre [sic] to an Assault, Class-A misdemeanor against your wife . . . . You received deferred adjudication and were placed on two-years probation under Community Supervision. Title 18, United States Code, Section 921 makes it illegal for anyone convicted of a misdemeanor crime of domestic violence to possess any firearm or ammunition. This prohibits you from possessing a firearm.

This specification, fairly read, makes clear that this reason for removal was predicated on 18 U.S.C. § 921 and its application to those convicted of domestic violence. As the Border Patrol has stipulated that Mr. Puente was not convicted of any crime, the Lautenberg Amendment does not apply. See 18 U.S.C. §§ 921-922. In other words, the arbitrator erred in holding that a "no contest plea is one in the same as a conviction."

The Border Patrol attempts to argue that other testimony in the record can support that Mr. Puente was not qualified to carry a firearm. It argues that independent of the Lautenberg Amendment, there exists testimony from Mr. Puente's supervisors that they would not allow Mr. Puente to carry a firearm based on their own internal

agency policies. Such arguments attempting to provide an alternative grounds for supporting Reason II are unpersuasive. First, there is nothing in the arbitrator's opinion suggesting that any such alternative theory was considered and nothing supports the finding that the arbitrator credited any of that testimony. Second, we agree with Mr. Puente that the other rationales that might establish his loss of firearm qualification cannot be relied upon in this case as Mr. Puente was not on notice that he would need to consider such alternate theories. See Lachance v. Merit Sys. Prot. Bd., 147 F.3d 1367, 1371 (Fed. Cir. 1998) ("When an agency proposes to discipline an employee, it must notify the employee of the conduct with which he is charged 'in sufficient detail to permit the employee to make an informed reply.'") Thus, while it may have been entirely proper for the Border Patrol and Chief Montoya to bar Mr. Puente from carrying a firearm based on their internal policies, such alternate rationales that establish a loss of qualification cannot be formulated for the purposes of the appeal. See Crouse v. Dep't of Treasury, 75 M.S.P.R. 57, 63 (M.S.P.B. 1997) (an administrative judge "may not reformulate the charge based on all record evidence"). Accordingly, we conclude that the arbitrator erred in sustaining Reason II because, under the specification given in the notice of removal, the Border Patrol has not established that Mr. Puente cannot, under the Lautenberg Amendment, carry a firearm.

Given that we are sustaining Reason I but reversing the arbitrator's decision to sustain Reason II, we now address whether the penalty of removal is appropriate in light of Reason I alone. The Border Patrol, citing to our decision in Hathaway v. Department of Justice, 384 F.3d 1342 (Fed. Cir. 2004), argues that even where not all reasons for an adverse action are sustained, we may still sustain the overall adverse action. We do

not read <u>Hathaway</u> to allow us to sustain the action in this case.  Rather, as we have previously held, "this court does not substitute its own judgment for that of the Board particularly as to choice of penalty."  <u>Modrowski v. Dep't of Veterans Affairs</u>, 252 F.3d 1344, 1349 (Fed. Cir. 2001).  "Because we are reversing as to [some of the charges], the appropriateness and reasonableness of the penalty must be reconsidered by the respective authorities, the agency as to the former, and the Board [or arbitrator] as to the latter."  <u>Id.</u> at 1353.

We therefore vacate the arbitrator's decision affirming the Border Patrol's penalty of removal with instructions for the arbitrator to remand the case to the Border Patrol to re-determine the appropriate penalty in light of our decision.