NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3051

ARTHUR PERKINS,

Petitioner,

v.

DEPARTMENT OF VETERANS AFFAIRS,

Respondent.

Arthur Perkins, of Huntington, New York, pro se.

Ronald G. Morgan, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were Jeffrey S. Bucholtz, Acting Assistant Attorney General, Jeanne E. Davidson, Director, and Kirk T. Manhardt, Assistant Director.

Appealed from: Merit Systems Protection Board

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3051

ARTHUR PERKINS,

Petitioner,

v.

DEPARTMENT OF VETERANS AFFAIRS,

Respondent.

Petition for review of the Merit Systems Protection Board in NY1221020407-X-1.

—————————————————

DECIDED: April 11, 2008

—————————————————

Before LINN, <u>Circuit Judge</u>, ARCHER, <u>Senior Circuit Judge</u>, and PROST, <u>Circuit Judge</u>.

PER CURIAM.

Arthur Perkins ("Perkins") seeks review of a final decision of the Merit Systems Protection Board ("the Board"), which dismissed his petition for enforcement of a settlement agreement after it found the Department of Veterans Affairs ("the agency") in compliance with the agreement. <u>Perkins v. Dep't of Veterans Affairs</u>, 106 M.S.P.R. 425 (2007). Because the Board's decision is supported by substantial evidence, we <u>affirm</u>.

In June 2005, Perkins and the agency entered into a settlement agreement to resolve Perkins's individual right of action. Shortly thereafter, Perkins filed a petition for review, which was forwarded to a field office for processing as a petition for enforcement. Finding partial noncompliance, the Board granted the petition for enforcement in part and ordered the agency to comply with the settlement agreement.

<u>Perkins v. Dep't of Veterans Affairs</u>, 105 M.S.P.R. 289 (2007). Perkins subsequently filed another petition for enforcement, subject of the current petition for review, arguing that the agency remained in breach of the settlement agreement in several respects.

First, Perkins argued that the agency failed to fully compensate him for overtime and holiday pay. The Board found that the agency "ha[d] produced relevant, material evidence showing that it ha[d] paid [Perkins] the applicable overtime and holiday pay and that [Perkins] ha[d] not met his burden of proving the agency breached the agreement." <u>Perkins</u>, 106 M.S.P.R. at 428.

Second, he argued that the agency failed to pay him a cost-of-living allowance adjustment as provided in the settlement agreement. The Board, considering documentary evidence from the agency to the contrary, including an affidavit from a Supervisory Program Analyst, concluded that Perkins had not met his burden to demonstrate breach of this provision. <u>Id.</u>

Third, Perkins contended that the agency failed to comply with a provision of the settlement agreement obligating it to submit his position description for "three classification reviews by three HR classifiers." Resp't App. at 15. Specifically, he argued that one of the classification reviews did not qualify because it was conducted by the agency's "Lead Human Resources Specialist," instead of someone entitled a "classifier." The Board disagreed, concluding that the agency had satisfied the provision. <u>See Perkins</u>, 106 M.S.P.R. at 429 n.4 ("[T]he fact that their job titles do not include the word 'classifier' does not mean that they are unqualified to perform classification reviews.").

Fourth, Perkins argued that another classification review did not qualify because of numerous errors, including reference to the grade of his position as "WG," rather than "WS." The Board determined that, despite the typographical errors, other information in the review—including two other instances in which the classification review correctly stated the position title—indicated that "the report [wa]s clearly a classification review of [Perkins's] [position description]." Id. at 429.

Perkins also substantively challenged this classification review, namely, the classifier's decision to not award points for "Subfactor C," which includes the physical dispersion, work coordination, and the location of subordinate employees. The Board concluded that the agency did not breach the agreement, because "while the settlement agreement entitled [Perkins] to three classification reviews by agency classifiers, there was no guarantee that he would agree with the analysis set forth in the reviews." Id.

Finally, Perkins argued that the agency failed to submit his position description to the Department of the Interior and the Department of Defense for concurrence reviews as required by the settlement agreement. Before the Board, the agency submitted evidence that it made such requests and the responses it received in response to those requests. Accordingly, the Board found the agency in compliance with this portion of settlement agreement. Id. at 430.

Having determined that the agency was in compliance with all provisions of the settlement agreement, the Board dismissed Perkins's petition for enforcement. Id. The current petition for review followed.

Our scope of review of Board decisions is defined and limited by statute. See 5 U.S.C. § 7703(c). "The agency's action in this case must be affirmed unless it is found

2008-3051                              3

to be: (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule or regulation having been followed; or (3) unsupported by substantial evidence." Hayes v. Dep't of the Navy, 727 F.2d 1535, 1537 (Fed. Cir. 1984). The petitioner carries the burden to prove breach of the settlement agreement, see Tech. Assistance Int'l , Inc. v. United States, 150 F.3d 1369, 1373 (Fed. Cir. 1993), and in order to prevail, "must show material non-compliance by the agency with the terms of the settlement agreement," Lutz v. U.S. Postal Serv., 485 F.3d 1377, 1381 (Fed. Cir. 2007).

On appeal, Perkins essentially presents the same arguments he made before the Board and asks us to reweigh the Board's various factual determinations in his favor. "[T]he evaluation of and weight to be given to . . . [the] evidence in the record are judgment calls that rest primarily within the discretion of the Board." Hall v. Dep't of the Treasury, 264 F.3d 1050, 1060 (Fed. Cir. 2001). None of the arguments reiterated by Perkins warrants our overturning of the Board's conclusion that he failed to carry his burden to show breach of the settlement agreement. Specifically, Perkins fails to establish that the Board's decision was unsupported by substantial evidence or that the Board's conclusion that Perkins had not shown material non-compliance by the agency with the terms of the settlement agreement was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. Because the Board's decision is supported by substantial evidence, and we otherwise discern no basis on which to overturn the decision, we must affirm.

COSTS

No costs.