NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**KENNETH E. MUCHA,**
*Petitioner*

**v.**

**OFFICE OF PERSONNEL MANAGEMENT,**
*Respondent*

---

2015-3113

---

Petition for review of the Merit Systems Protection Board in No. DE-0831-14-0392-I-1.

---

Decided: October 14, 2015

---

KENNETH E. MUCHA, Mesa, AZ, pro se.

ALBERT S. IAROSSI, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent. Also represented by BENJAMIN C. MIZER, ROBERT E. KIRSCHMAN, JR., BRIAN A. MIZOGUCHI.

---

Before NEWMAN, CLEVENGER, and O'MALLEY, *Circuit Judges.*

PER CURIAM.

Kenneth E. Mucha appeals from a decision of the Merit Systems Protection Board ("Board"), affirming the Office of Personnel Management's ("OPM") decision to dismiss Mr. Mucha's untimely filed request for reconsideration. *Mucha v. Office of Pers. Mgmt.*, DE-0831-14-0392-I-1 (M.S.P.B. Feb. 3, 2015). Because Mr. Mucha offered no reason to waive the filing time requirement and the Board's decision was not arbitrary or capricious, we *affirm*.

## BACKGROUND

OPM issued its initial decision on February 11, 2013, denying Mr. Mucha's request to provide survivor annuity benefits to his new spouse because he had not notified the agency of an election of a reduced annuity with a survivor benefit within two years of his marriage. The initial decision advised Mr. Mucha that he must file a request for reconsideration within 30 days of the date of the decision letter if he wanted to dispute OPM's findings. OPM's decision letter further explained: "Your written request for reconsideration must be received by OPM within 30 calendar days from the date of OPM's initial decision. (OPM can extend the time limit if you can show that you 1) were not notified of the time limit and were not otherwise aware of it or 2) were prevented from responding by a cause beyond your control)." Letter from Office of Pers. Mgmt. to Kenneth Mucha (Feb. 11, 2013). Thus, OPM must have received Mr. Mucha's request for reconsideration no later than March 11, 2013 to be timely. However, Mr. Mucha did not postmark his request for reconsideration until June 11, 2013, which was approximately three months after his deadline to file such a request. Mr. Mucha's request for reconsideration offered no explanation for his delayed response. OPM subsequently dismissed the request as untimely filed.

Mr. Mucha then filed a timely appeal with the Board, but still did not provide any reasons for his untimeliness. The administrative judge notified Mr. Mucha of the regulations regarding time limits and ordered Mr. Mucha to explain why his request for reconsideration had been untimely. Mr. Mucha responded by arguing the merits of his claim, but did not address the timeliness issue. The judge affirmed OPM's decision dismissing Mr. Mucha's request for reconsideration as untimely filed. Mr. Mucha petitioned for review with the Board, providing evidence concerning the merits of his request for reconsideration, but again failing to provide any explanation for his delay in filing the request. Therefore, the Board denied the petition and affirmed OPM's initial decision.

Mr. Mucha now appeals the Board's final determination to this Court.

## DISCUSSION

This Court must affirm a decision from the Board unless it is "1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; 2) obtained without procedures required by law, rule, or regulation having been followed; or 3) unsupported by substantial evidence." 5 U.S.C. § 7703(c) (2014); *see also Hayes v. Dep't of the Navy*, 727 F.2d 1535, 1537 (Fed. Cir. 1984).

OPM's regulations explicitly require that "[a] request for reconsideration must be received by OPM within 30 calendar days from the date of the original decision." 5 C.F.R. § 831.109(e)(1) (2014). OPM has discretion to excuse a delay in filing a request if the applicant shows that he was not notified of the time limit and was not otherwise aware of it, or was prevented from making the request by circumstances beyond his control. *Id.* § 831.109(e)(2). Mr. Mucha acknowledged receipt of OPM's initial decision letter in his request for reconsideration. We agree with the Board's conclusion that Mr. Mucha was aware of the time limit because the initial decision clearly

set forth the time limit requirements. Thus, in order for the Board to find OPM's dismissal based on untimeliness improper, Mr. Mucha had the burden to show circumstances that prevented him from making a timely request.

Mr. Mucha's request for reconsideration did not provide any evidence for why he was prevented from filing a timely request. In his June 11, 2013 letter, Mr. Mucha generally stated that he was getting older and had a lot of health problems, but he did not explain or argue how these health problems affected his ability to file a timely request for reconsideration. In fact, Mr. Mucha never provided any explanation for his untimeliness throughout the appeal or review process in front of OPM and the Board. Substantial evidence supports the Board's finding that Mr. Mucha has not shown that circumstances beyond his control prevented him from filing a timely request.

If a petitioner fails to show lack of knowledge of the time limit or prevention, "we do not reach the issue of whether OPM abused its discretion in denying petitioner's untimely request for reconsideration." *Azarkhish v. Office of Pers. Mgmt.*, 915 F.2d 675, 678 (Fed. Cir. 1990). Here, Mr. Mucha failed to meet his burden to provide any evidence on the untimeliness issue. Therefore, the Board could not have found that OPM abused its discretion in dismissing the reconsideration request.

Because the record shows that Mr. Mucha did not provide any evidence to show that he was not notified of the time limit or was prevented from making the request by circumstances beyond his control, we cannot say that the Board was arbitrary or capricious in affirming the dismissal of the request for reconsideration. We affirm.

### AFFIRMED

COSTS

No costs.