NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**CEDRIC J. DRAWHORN,**
*Petitioner*

**v.**

**SECURITIES AND EXCHANGE COMMISSION,**
*Respondent*

---

2023-2031

---

Petition for review of the Merit Systems Protection Board in Nos. DC-0752-15-0332-I-4, DC-0752-15-0851-I-4.

---

Decided:  April 8, 2024

---

CEDRIC J. DRAWHORN, Centreville, VA, pro se.

EMMA EATON BOND, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent.  Also represented by BRIAN M. BOYNTON, STEVEN JOHN GILLINGHAM, PATRICIA M. MCCARTHY.

---

Before DYK, MAYER, and REYNA, *Circuit Judges.*

Per Curiam.

Cedric Drawhorn appeals from a decision of the Merit Systems Protection Board ("Board"), sustaining his removal as a Security Officer at the U.S. Securities and Exchange Commission ("SEC"). Because the decision was supported by substantial evidence, we *affirm*.

## Background

Mr. Drawhorn held a position as a Security Officer at the SEC. He held a top secret security clearance, and his position was designated as "critical sensitive." S.A. 9.[1] On November 3, 2014, the SEC sent Mr. Drawhorn a letter, notifying him that his security clearance was being suspended and, four days later, sent Mr. Drawhorn a notice of proposed action and intent to revoke his security clearance. The notice included a statement of reasons for the revocation, including evidence that he attempted to conceal a personal relationship with a recent hire that he selected to fill a vacancy within the SEC. On November 17, 2014, the SEC proposed that Mr. Drawhorn be indefinitely suspended, and on November 26, 2014, the SEC revoked his security clearance. The suspension was effective December 19, 2014. On May 13, 2015, the SEC proposed that Mr. Drawhorn be removed from his position.

Mr. Drawhorn was removed based on the charge of "Failure to Maintain a Condition of Employment." S.A. 48. The removal was effective June 20, 2015. Because his critical sensitive position as a Security Officer required him to maintain eligibility for access to classified information and the revocation of his security clearance made him ineligible for that access, he was found to be "unable to satisfy a requirement of [his] position." S.A. 48.

---

[1] S.A. refers to the supplemental appendix attached to the respondent's informal brief, ECF No. 18.

Mr. Drawhorn appealed to the Board, challenging his indefinite suspension and removal from his position. In an initial decision, the administrative judge sustained the removal and suspension, finding that "the agency's actions suspending and removing the appellant are supported by a preponderance of the evidence." S.A. 24. Mr. Drawhorn petitioned for review of the initial decision before the full Board. Because of a recusal, there was a lack of quorum of the Board, and the initial decision became the final decision of the Board.

Mr. Drawhorn appeals. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

## DISCUSSION

The scope of our judicial review is limited by 5 U.S.C. § 7703(c). We review decisions of the Board for whether they are "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c). "We review the Board's legal determinations de novo and its factual findings for substantial evidence." *Bryant v. Dep't of Veterans Affs.*, 26 F.4th 1344, 1346 (Fed. Cir. 2022) (citing *Archuleta v. Hopper*, 786 F.3d 1340, 1346 (Fed. Cir. 2015)).

## I

In his informal brief, Mr. Drawhorn argues that the Board's decision should be set aside because "[t]he [Board] did not review [his] Petition for Review of the initial decision due to Lack of Quorum." Appellant Informal Op. Br. 3. Mr. Drawhorn requests that this court "review the merits of [his] initial Petition for Review to the Board," using the same standard of review as the full Board decision would have used. *Id.* This we cannot do.

The statutory standard of review in 5 U.S.C. § 7703(c) does not change where, as here, there is no Board review of

the initial decision.  There is no basis in the absence of a quorum for this court to conduct de novo review.

## II

To the extent that Mr. Drawhorn asks us to review the decision of the Board because it allegedly "is contrary to law and fails to properly analyze pertinent record evidence," Appellant Informal Op. Br. 9, we are only able to review "whether the administrative determination is supported by substantial evidence as a whole." *Haebe v. Dep't of Justice*, 288 F.3d 1288, 1298 (Fed. Cir. 2002).

To affirm a decision of the Board, "[t]he record need only disclose such relevant evidence as might be accepted by a reasonable mind as adequate to support the conclusion reached." *Hayes v. Dep't of the Navy*, 727 F.2d 1535, 1537 (Fed. Cir. 1984).  While Mr. Drawhorn alleges that "the SEC never established that [his] position required a security clearance," Appellant Informal Op. Br. 3, substantial evidence supports the finding that eligibility to hold a security clearance was a requirement of Mr. Drawhorn's position.

In reaching the conclusion that Mr. Drawhorn failed to "maintain access to classified information which [was] a requirement of [his] position," S.A. 18 (second alteration in original), the administrative judge relied on the testimony of the then-Branch Chief of Personnel Security Operations, Kelly Gibbs, "that all SEC positions that are designated critical sensitive require a security clearance" and the fact that "the appellant failed to credibly identify any employee who occupied a critical sensitive position but was ineligible for a clearance or failed to have a clearance." S.A. 21.  The administrative judge found that Ms. Gibbs "testified credibly when she asserted that all employees at the SEC who are in critical sensitive designated positions are required to hold a clearance." S.A. 18–19 (footnote omitted).  The administrative judge explained that Ms. Gibbs' demeanor was "calm, confident, and forthright."  S.A. 20.

"[C]redibility determinations by the board are 'virtually unreviewable.'" *Wright v. U.S. Postal Serv.*, 183 F.3d 1328, 1334 (Fed. Cir. 1999) (quoting *Hambsch v. Dep't of Treasury*, 796 F.2d 430, 436 (Fed. Cir. 1986)). The conclusion that Mr. Drawhorn failed to maintain a condition of his employment is supported by substantial evidence.

We have considered Mr. Drawhorn's remaining arguments and find them unpersuasive.

**AFFIRMED**

COSTS

No costs.