NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**CARLA DIXON-JOHNSON,**
*Petitioner*

**v.**

**OFFICE OF PERSONNEL MANAGEMENT,**
*Respondent*

---

2024-1716

---

Petition for review of the Merit Systems Protection Board in No. DA-0842-22-0224-I-1.

---

Decided:  November 13, 2024

---

CARLA DIXON-JOHNSON, Houston, TX, pro se.

ROBERT R. KIEPURA, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent.  Also represented by BRIAN M. BOYNTON, ELIZABETH MARIE HOSFORD, PATRICIA M. MCCARTHY.

---

Before LOURIE, SCHALL, and STOLL, *Circuit Judges*.

PER CURIAM.

### DECISION

Carla Dixon-Johnson petitions for review of the final decision of the Merit Systems Protection Board ("Board") that affirmed the decision of the Office of Personnel Management ("OPM") that (1) following her termination from the Social Security Administration ("SSA") during her probationary period, she was ineligible to receive an annuity supplement; and that (2) her high-three average salary under the Federal Employees' Retirement System ("FERS") was correctly calculated. Suppl. App. 9.[1] We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9). For the reasons set forth below, we *affirm*.

### DISCUSSION

### I

Ms. Dixon-Johnson was employed by the federal government in positions subject to FERS deductions from June 15, 1993, to January 2, 1998; from February 1, 1998, to September 30, 2005; and from March 8, 2015, to March 18, 2015. Suppl. App. 10. These three periods add up to a total of approximately 12 years of total service. Ms. Dixon-Johnson then was appointed to a position with SSA effective May 15, 2016. *Id.* She was terminated from SSA, effective August 17, 2016, which was during her probationary period. *Id.* Her employment with SSA was also subject to FERS deductions. *Id.* When Ms. Dixon-Johnson separated from her position on August 17, 2016, she met the age and service requirements for immediate retirement because she was 56 years old and had at least 10 years of federal service. Suppl. App. 11, 21; *see* 5 U.S.C.

---

[1] Our citation to "Suppl. App." refers to the Supplemental Appendix attached to Respondent's brief.

§ 8412(g)(1).  Accordingly, Ms. Dixon-Johnson currently is receiving a retirement annuity.

## II

After her separation, Ms. Dixon-Johnson requested that OPM reevaluate her annuity computation. Specifically, she asserted that she was entitled to a FERS annuity supplement and that OPM had not correctly calculated her high-three average salary.  Suppl. App. 10. By way of background, under 5 U.S.C. § 8421(a)(1) and (a)(2), an individual who is entitled to a FERS annuity under certain provisions is "also . . . entitled to an annuity supplement."  At the same time, "high-three average" salary refers to a calculation conducted pursuant to 5 U.S.C. § 8401(3).  That is, pursuant to 5 U.S.C. § 8415(a), a retired federal employee is entitled to an annuity based upon his or her length of service and his or her "average pay."  The statute defines "average pay" as "the largest annual rate resulting from averaging an employee's . . . rates of basic pay in effect over any 3 consecutive years of service."  5 U.S.C. § 8401(3).  The resulting figure is commonly referred to as the "high-three average."  *See Daniel v. Off. of Pers. Mgmt.*, 469 F. App'x 850, 851 (Fed. Cir. 2011) (defining "high-three average salary" as "the highest average salary [the former federal employee] received over any three-year period of qualifying employment); *see also Grover v. Off. of Pers. Mgmt.*, 828 F.3d 1378, 1380 (Fed. Cir. 2016) (defining "high-three average" in the context of the Civil Service Retirement System).

On February 25, 2022, OPM issued an initial decision in which it found that Ms. Dixon-Johnson did not qualify for a FERS annuity supplement.  Suppl. App. 10.  OPM also found that Ms. Dixon-Johnson's high-three average salary was correctly computed.  *Id.*  OPM affirmed these findings in a reconsideration decision dated March 21, 2022.  Suppl. App. 21–25.

Ms. Dixon-Johnson appealed OPM's reconsideration decision to the Board. Before the Board, Ms. Dixon-Johnson advanced the same arguments she had made before at OPM: that she was entitled to an annuity supplement and that her high-three average salary was improperly calculated. Suppl. App. 9–13, 38. The administrative judge ("AJ") to whom the appeal was assigned issued an initial decision on May 26, 2022, in which she rejected Ms. Dixon-Johnson's arguments and affirmed OPM's reconsideration decision. Suppl. App. 9. Ms. Dixon-Johnson timely petitioned the Board for review, and on March 13, 2024, the Board affirmed the AJ's initial decision and denied the petition for review. Suppl. App. 2. The initial decision therefore became the final decision of the Board. This appeal followed.

### III

Our review of the Board's decision is limited by statute. We affirm a final decision of the Board unless it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c); *see also Hayes v. Dep't of the Navy*, 727 F.2d 1535, 1537 (Fed. Cir. 1984).

### IV

On appeal, Ms. Dixon-Johnson argues that the Board erred in rejecting her claim that she is entitled to an annuity supplement and her claim that, when OPM determined her retirement annuity, it improperly

calculated her high-three average salary.    Appellant's Informal Br. 1.[2]  We address these contentions in turn.

A

Entitlement to an annuity supplement is provided by statute.    *See* § 5 U.S.C. § 8421(a).    In that regard, § 8421(a)(1) states that individuals who receive their annuity "under subsection (a), (b), (d)(1), or (e) of section 8412, or under section 8414(c)" are entitled to an annuity supplement.    Ms. Dixon-Johnson is not entitled to an annuity supplement under § 8421(a)(1) because she is not entitled to an annuity under any of the enumerated subdivisions of § 8412 or under § 8414(c).  Those provisions apply to employees who separate with 30 years of service (§ 8412(a)), after age 60 with 20 years of service (§ 8412(b)), or after having served a certain number of years as a law enforcement officer (§ 8412(d)(1)), an air traffic controller (§ 8412(e)),    or    a    military    technician    (§ 8414(c)). Alternately,    § 8421(a)(2)    states    that    individuals    who receive their annuity "under section 8412(f), or under subsection (a) or (b) of section 8414," and who are a certain minimum age are entitled to an annuity supplement. Provisions § 8412(f), § 8414(a), and § 8414(b) each pertain to annuities for individuals who completed at least 20 years of service, and thus do not apply to Ms. Dixon-Johnson.  In contrast, Ms. Dixon-Johnson is receiving her annuity under 5 U.S.C. § 8412(g)(1).    That provision states that "[a]n employee or Member who is separated from the service after attaining the applicable minimum retirement age under subsection (h) and completing 10 years of service

---

[2]    Our citations to Appellant's Informal Brief refer to the page numbers generated by this court's CM/ECF system.

is entitled to an annuity."[3]   Because Ms. Dixon-Johnson does not receive her annuity under any of the provisions listed in § 8421(a)(1) or (2), the Board did not err in affirming OPM's denial of Ms. Dixon-Johnson's request for an annuity supplement.

B

As she did before the Board, Ms. Dixon-Johnson argues that OPM erred by not using her three highest salaries of $51,520, $46,823, and $44,970 to calculate her monthly retirement payment.  Appellant's Informal Br. 4.[4]   She argues that her high-three average salary should be calculated simply by averaging the three highest basic salary amounts she earned.  Appellant's Informal Br. 4.  As the Board noted in its decision, however, Ms. Dixon-Johnson did not serve a full year for each of the three salary amounts.  She does not dispute this on appeal.

The Board applied 5 U.S.C. § 8401(3) to conclude that, to calculate her average pay, her salary amounts had to be weighed depending on how long she was receiving each rate of pay.  Suppl. App. 12.  This was the correct approach.

---

[3]    At the time of her separation in August of 2016, Ms. Dixon-Johnson had 12 years, 6 months, and 7 days of service.  At that time, she was 56 years old.  She therefore had attained the applicable minimum retirement age set forth in 5 U.S.C. § 8412(h)(1)(C): "for an individual whose date of birth is after December 31, 1952, and before January 1, 1965, 56 years of age."

[4]    These are the figures Ms. Dixon-Johnson asserted before OPM and the Board.  Supp. Appx. 12, 30.  On appeal, however, Ms. Dixon-Johnson has revised these figures downward to $44,970, $43,390, and $41,890.   This downward revision in no way affects our disposition of the case.   We therefore rely on the higher figures asserted before OPM and the Board.

Section 8401(3) explicitly states that each rate must be "weighted by the period it was in effect." The Board therefore did not err in affirming OPM's calculation of Ms. Dixon-Johnson's high-three salary.[5]

## CONCLUSION

For the foregoing reasons, we affirm the final decision of the Board.

**AFFIRMED**

COSTS.

No costs.

---

[5] In the final paragraph of her brief, Ms. Dixon-Johnson appears to argue that she was improperly separated from her position with SSA. Appellant's Informal Br. 6. This issue was not raised before the Board, however. Therefore, it is not properly before this court on appeal. *See Sistek v. Dep't of Veterans Affs.*, 955 F.3d 948, 953 n.1 (Fed. Cir. 2020).